**Virgil W. STOKES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–122.**

United States Court of Veterans Appeals.

Submitted Dec. 20, 1990.

Decided April 4, 1991.

As Amended Feb. 12, 1992.

Stephanie Forester and Barton F. Stichman, were on the pleadings, Washington, D.C., for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, were on the pleadings, Washington, D.C., for appellee.

## ON APPELLANT'S MOTION FOR REHEARING OR REVIEW EN BANC

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

KRAMER, Associate Judge:

On October 12, 1990, this panel rendered a decision in the consolidated cases of *Whitt v. Derwinski*, U.S.Vet.App. No. 89–16; *Williams v. Derwinski*, U.S.Vet.App. No. 89–151; *Davis v. Derwinski*, U.S.Vet.App. No. 90–38; and *Stokes v. Derwinski*, U.S.Vet.App. No. 90–122. *Whitt v. Derwinski*, 1 Vet.App. 40 (1990). At that time the panel ruled, with one judge dissenting, that since appellant Virgil Stokes did not have a valid Notice of Disagreement (NOD) filed on or after November 18, 1988, this Court did not have jurisdiction over his appeal. *Whitt*, at 46. On October 26, 1990, Stokes filed a motion for a rehearing or review *en banc* based in part on an attached affidavit from Charles E. Rodgers, a National Service Officer of the Paralyzed Veterans of America (PVA). This Court subsequently ordered the appellee to respond to that affidavit on November 15, 1990. Based on the motion, affidavit, and appellee's response thereto, this Court grants the motion for rehearing, vacates that part of the *Whitt* decision addressing Stokes' appeal, and issues this opinion. We now hold that we have jurisdiction over Stokes' appeal.

## I.

On December 16, 1987, the Montgomery, Alabama, Regional Office of the Veterans' Administration (now the Department of Veterans Affairs) (VA) denied Virgil Stokes' reopened claim for service connection for his multiple sclerosis. A Statement of the Case was issued on September 2, 1988, to which Stokes responded by filing a VA Form 1–9, "Appeal to the Board of Veterans' Appeals." On this form, Stokes indicated that he wished to appear at a personal hearing. This hearing was held on November 16, 1988, at which time Stokes testified and submitted written statements from third persons in support of his claim. Although the hearing officer denied Stokes' claim, no official notification of this denial was mailed to Stokes or his representative until April 3, 1989.

In March 1989, Stokes' PVA representative filed with the Regional Office a VA Form 1–646, "Statement of Accredited Representative in Appealed Case," specifically expressing disagreement with a January 4, 1988, rating decision. The VA Form 1–646 also referenced "a personal hearing before [a] Hearing Officer on 11–16–88" and stated that Stokes disagreed with the grounds on which the "VA's repeated denial [had] been based."

The Board of Veterans' Appeals (BVA) subsequently denied Stokes' claim in a December 28, 1989, decision. Stokes then filed a timely Notice of Appeal with the Court. The Secretary of Veterans Affairs (Secretary) responded by filing a motion to dismiss, contending that no jurisdictionally effective NOD had ever been filed. In reply, Stokes contended that his March 1989 VA Form 1–646 was a valid NOD. After deciding that the March 1989 VA form was not written in response to the December 9, 1988, hearing officer's decision, the Court dismissed Stokes' appeal for

lack of jurisdiction. *Whitt*, at 46. In coming to this conclusion, the Court noted that "[p]erhaps, given the fact that the Regional Office did not mail notification of its decision until April 1989, there was no awareness of the decision when the VA Form 1–646 was filed." *Whitt*, at 46–47.

Following our decision in *Whitt*, Stokes' representative filed a Motion for Rehearing or Review *En Banc*. Attached to this motion was the affidavit of Charles E. Rodgers, a National Service Officer of the PVA. In essence, that affidavit stated that both Stokes and his PVA representative at the time (that representative has since left the PVA and Rodgers has replaced him as Stokes' representative) had knowledge of the December 9, 1988, hearing officer's decision *before* the filing of the March 1989 VA Form 1–646. In his response to this Court's November 15, 1990, order to reply to Stokes' motion and to discuss the veracity of the affidavit attached thereto, the Secretary did not question the accuracy of Rodgers' affidavit.

## II.

In *Whitt*, this Court stated that, "any NOD which meets the requirements of [38 C.F.R. § 19.118 (1990)] is valid for [the] purposes of conferring jurisdiction" upon this Court. *Whitt*, at 43. Nothing about this opinion changes that holding. The definition of an NOD contained in 38 C.F.R. § 19.118 still remains the standard by which this Court decides if it has jurisdiction over a veteran's appeal. Any written communication filed on or after November 18, 1988, which meets that standard is sufficient to give this Court jurisdiction over a veteran's appeal. 38 U.S.C. § 4052 (1988), Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, Div. A, § 402, 102 Stat. 4105, 4122 (1988).

■ The definition contained in 38 C.F.R. § 19.118 (1990) sets forth a rather lenient standard by which to judge if a communication is to be considered an NOD.

A written communication from a claimant or the representative expressing dissatisfaction with an adjudicative determination of an agency of original jurisdiction (the VA regional office, medical center or clinic which notified the claimant of the action taken) will constitute a Notice of Disagreement. The Notice of Disagreement should be in terms which can reasonably be construed as a desire for review of that determination. It need not be expressed in any special wording. 38 C.F.R. § 19.118. Thus, any communication which can "reasonably be construed" as expressing dissatisfaction with a VA adjudicative determination must be considered a valid NOD for this Court's jurisdictional purposes.

■ In judging whether a communication can be "reasonably construed" as expressing dissatisfaction with a VA adjudicative decision, this Court will look not only at the actual wording of the communication, but also at the context in which the communication was written. In order to properly consider the context in which a communication was written, this Court may at times consider evidence of jurisdictional facts which were not before the BVA and thus not part of the official record before the Court. This is because the BVA will never consider whether a particular communication is a valid NOD for this Court's jurisdictional purposes, and therefore will never accumulate and consider evidence addressing the question of whether a communication from a veteran can reasonably be construed as expressing dissatisfaction with a particular VA adjudicative decision. (The practice of an appellate court deciding jurisdictional questions based on facts not in the record is not unprecedented. *See International Union, U.A.W. v. Telex Computer Products*, 816 F.2d 519, 521–522 (10th Cir.1987) (after being advised of facts which were "not part of the record," the Court of Appeals felt "compelled" to consider those facts and address the jurisdictional question raised by them, regardless of the manner in which it had been advised of the facts).) This appeal presents an example where facts which had not been before the BVA (those facts contained in the Rodgers' affidavit, which this Court accepts as true based on the affidavit and

the Secretary's response to this Court's order of November 15, 1990) were crucial to the proper determination of whether this Court has jurisdiction over the veteran's appeal.

## III.

■ The crucial statement at issue in this appeal is Stokes' disagreement with the "VA's repeated denial[s]" of his reopened claim. Since it would be illogical to read Stokes' statement of disagreement with the "VA's repeated denial[s]" as meaning that he disagreed with all the denials of his claim except for the last one, the most reasonable deduction from this statement is that Stokes' disagreed with each and every VA denial of his reopened claim *of which he had knowledge.*

The above analysis is consistent with our prior opinion in the consolidated cases when it is viewed in light of the facts before this Court at that time. This Court had no reason to believe at the time of our prior decision (and in fact even had reason not to believe) that Stokes and his representative had knowledge of the December 9, 1988, hearing officer decision. Consequently, although we could hold that the VA Form 1–646 constituted an expression of disagreement with all prior VA denials, we could not hold that its reach extended to the December 9, 1988, hearing officer's decision since that decision was, at the time of the filing of the VA Form 1–646, not a prior VA denial (based on the facts then before this Court regarding the knowledge of the appellant and his representative) but a future one.

The affidavit that we have received from Charles E. Rodgers, however, forces us to change our original decision. It is now apparent that, contrary to our earlier assumption, both Stokes and his representative had knowledge of the December 9, 1988, hearing officer decision at the time of the March 1989 filing of the VA Form 1–646. This denial, then, like the prior VA denials before it, was one of the "VA's repeated denial[s]" to which the VA Form 1–646 was responding. Therefore, since the VA Form 1–646 was dated after November 18, 1988, and can be reasonably read to express disagreement with a VA adjudicative decision (which was rendered less than a year previously, *see* 38 U.S.C. § 4005(b)(1) (1988)), it is sufficient to give this Court jurisdiction over Stokes' appeal. VJRA, Pub.L. No. 100–687, § 402, 102 Stat. at 4122; *Whitt,* at 43; *Erspamer v. Derwinski,* 1 Vet.App. 3, 8 (1990), *appeal dismissed per agreement of the parties* (Fed. Cir. June 28, 1990).

## CONCLUSION

For the reasons stated above, the motion of the appellant for a rehearing is granted. The Court now holds that it has jurisdiction over Virgil Stokes' appeal. Therefore, that portion of the decision in *Whitt* pertaining to Stokes' appeal is vacated, and this decision now governs as to Stokes.

The Secretary is ordered to file a designation of record on appeal within 30 days of the date of this decision.

*It is so Ordered.*