**John Joseph Paul DRENKHAHN, Sr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–5.

United States Court of Veterans Appeals.

Feb. 19, 1992.

Before STEINBERG, Associate Judge.

ORDER

On May 20, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion to dismiss appellant's claim for lack of jurisdiction, on the grounds that appellant's Notice of Disagreement (NOD) was filed prior to November 18, 1988, and the Court was therefore without jurisdiction under section 402 of the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105, 4122 (1988).

On July 17, 1991, the Court ordered that the Secretary provide, by July 31, 1991, a supplemental preliminary record, as well as

a memorandum of law addressing whether appellant's substantive appeal form or his VA Form 1–646 is a jurisdictionally valid NOD. The supplemental preliminary record and the memorandum were eventually filed on December 27, 1991. The late filing of that record is the subject of orders of the Court, dated August 9 and 14, 1991, and December 17 and 27, 1991, and is not dealt with in this order.

In his supplemental memorandum, the Secretary argues that neither the substantive appeal, received by the Department of Veterans Affairs Regional Office (VARO) on January 17, 1990, nor the VA Form 1–646 filed with the RO on February 13, 1990, constitutes a jurisdictionally valid NOD. Supp.Mem. at 3. Specifically, the Secretary argues: "The text of the form as completed by the appellant contains no specific dissatisfaction or disagreement with an [agency of original jurisdiction's] adjudicative determination." Supp.Mem. at 5.

On July 3, 1989, the RO issued a rating decision denying increased ratings for, among other things, the veteran's service-connected Maxillary Sinusitis and Post Traumatic Stress Disorder, and denying service connection for, among other things, a head injury with headaches. On December 7, 1989, the RO issued a confirmed rating decision denying service connection for headaches. A Supplemental Statement of the Case (SSOC) was mailed to the veteran on or about January 9, 1990.

Both appellant's substantive appeal form and his VA Form 1–646 may serve as NODs sufficient to confer upon this Court jurisdiction to decide appellant's appeal on the several claims. This Court held in *Whitt v. Derwinski*, 1 Vet.App. 40, 43 (1990), that "any NOD which meets the requirements of [38 C.F.R. § 19.118 (1991)] is valid for purposes of conferring jurisdiction" upon this Court. An NOD is valid under section 19.118 if it is "A written communication from a claimant or the representative expressing dissatisfaction with an adjudicative determination of an agency of original jurisdiction". Although I am not in agreement with that holding, *see Whitt*, 1 Vet.App. at 94, 95–102 (Steinberg,

J., dissenting opinion), I am bound by it. That regulation further states: "The Notice of Disagreement should be in terms which can reasonably be construed as a desire for review of that determination. It need not be expressed in any special wording." 38 C.F.R. § 19.118.

This Court has held that "[i]n judging whether a communication can be 'reasonably construed' as expressing dissatisfaction with an adjudicative decision, this Court will look not only at the actual wording of the communication, but also at the context in which the communication was written." *Stokes v. Derwinski*, 1 Vet.App. 201, 203 (1991). The NOD that was found jurisdictionally valid by the Court in *Stokes* was a form 1–646 in which the veteran's representative expressly stated the veteran's "disagreement with the rating decision of 1–4–88 [the wrong decision]", referred to "a personal hearing before the Hearing Officer on 11–16–88", and concluded: "The VA's repeated denial has been based on the fact that there is no medical evidence that multiple sclerosis was noted during [the veteran's] active duty. The veteran's arguments on VAF 1–9 dated 9–16–88 are incorporated here by reference. This accredited representative respectfully requests that the case be given a thorough review and the benefits sought on appeal be granted." *Stokes v. Derwinski*, R. at 203; *see also Stokes*, 1 Vet.App. at 202. The Court held that that form "can be reasonably read to express [the veteran's] disagreement" "with each and every VA denial of his reopened claim *of which he had knowledge*." 1 Vet.App. at 204 (emphasis in original).

■ Here, appellant submitted a substantive appeal Form 1–9, dated January 11, 1990, and reportedly received by the RO on January 17, 1990. On that form, in addition to listing several documents which he then submitted as evidence and indicating that "4–29–87" was the "DATE OF THE DECISION BEING APPEALED", he stated:

I submitte [sic] to have my service-connected be change [sic] from Maxillary Sinusitis, be up-greaded [sic] to Vascular (Migraines), and Post Traumatic Stress

Disorder from 10%, and recived [sic] a new fees Basis Card, for both Vascular (Migraine) and Post Traumatic Stress headache.

Both my headaches, and PTSD, are due to my duty with the United States Military Service from 1960 to 1969.

Under the standards set forth in 38 C.F.R. § 19.118 and this Court's decision in *Stokes*, appellant's substantive appeal form, filed shortly after the RO issued the SSOC informing the veteran of adverse RO adjudications, can be "reasonably construed" to express disagreement with the rating decisions of both July 3 and December 7, 1989, and a desire for review of those decisions by the BVA. There having been no prior NODs filed with respect to those rating decisions, appellant's substantive appeal form may serve as a valid NOD.

 Alternatively, the VA Form 1–646 completed by appellant's representative and filed on February 13, 1990, may serve as a jurisdictionally valid NOD with respect to those decisions. On that form, appellant's representative stated:

> This service organization still contends that in fact his service medical records do establish that the veteran incurred injuries resulting in a chronic headache disorder while on active duty and feel[s] service connection should be granted. However, we also note Doctors [sic] reply to the veteran's remanded 2507 examination (dated March 23, 1989), and wish to reference DSM–III–R "associated features" (309.89).... With more current evidence on file, the symptiology [sic] with increase of severity of PTSD, possibly should be rated with the associated headaches.

This statement, submitted shortly after the RO's SSOC, can also be "reasonably construed" as expressing disagreement with the RO's denial of service connection for a headache disorder and of an increased rating for PTSD and, therefore, a desire for review of the RO decisions of both July 3 and December 7, 1989.

"While there can be more than one effective NOD involving a particular claim, there can only be one effective NOD with respect to each adjudicative determination of an agency of original jurisdiction and that must, of necessity, be the first document filed which meets the requirements of [38 C.F.R. § 19.118]." *Whitt*, 1 Vet. App. at 45. Because both the substantive appeal form and the VA Form 1–646 can be reasonably construed to express a desire for review of aspects of either the July 3 or December 7 VARO rating decision, the Court holds the substantive appeal filed on January 17, 1990, to be a jurisdictionally valid NOD with respect to the July 3, 1989, decision, and the VA Form 1–646 to be a jurisdictionally valid NOD with respect to the December 7, 1989, decision.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss appellant's claim for lack of jurisdiction is denied. It is further

ORDERED that the appellant's Notice of Appeal, containing a statement of numerous issues to be raised on appeal, having been filed on January 7, 1991, is deemed a sufficient statement of issues under Rule 6 of this Court's Rules of Practice and Procedure, and, accordingly, the Secretary shall, within 30 days after the date of this order, file the designation of the record on appeal pursuant to Rule 10 of those Rules.