**Robert E. NAGLER, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–942.**

United States Court of Veterans Appeals.

Nov. 18, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam veteran Robert E. Nagler, appeals from a July 18, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a heart disor-

der. *Robert E. Nagler*, BVA 90–24628 (July 18, 1990). (The appellant previously sought an extraordinary writ regarding collateral issues. *Nagler v. Derwinski*, 1 Vet. App. 297 (1991) (consolidated with *Jones (Joseph) v. Derwinski*, 1 Vet.App. 596).) The Secretary of Veterans Affairs (Secretary) has moved for summary remand, confessing that the Board committed multiple errors. The veteran opposes remand and requests the Court to reverse the Board's decision and award service connection. Summary disposition is appropriate because the case is one of "relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). The Court will vacate the BVA decision and remand the matter to the Board.

## I. BACKGROUND

The veteran's claim was previously and finally denied by an unappealed decision of a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) in February 1984. The veteran sought to reopen his claim in 1987, and benefits were again denied by the RO in February 1988. R. at 194. In November 1988, he submitted a "Statement in Support of Claim" again asserting entitlement to service connection, and in a January 1989 confirmed rating decision, the RO again denied the claim. R. at 197–99. In its July 1990 decision, the Board concluded that the veteran had submitted "new and material evidence" to reopen his claim but that "the evidence submitted since the 1984 determination ... does not establish that a heart disorder was either incurred in or aggravated by service or that it can be presumed to have been present in service." *Nagler*, BVA 90–24628, at 5. In his motion for remand, the Secretary states that the Board, upon reopening the veteran's claim, erred in failing to consider all the evidence of record, both old and new, and in failing to provide an adequate statement of its reasons or bases as to its evaluation of all lay and medical evidence, including the veteran's testimony, and as to the application of the benefit-of-the-doubt rule. Mot. at 2–4.

In his brief and his opposition to the Secretary's motion for remand, the appellant asserts that the Board's denial of service connection should be reversed as clearly erroneous; that the Board was required to give greater consideration to the provisions of 38 C.F.R. §§ 3.307 and 3.309; that the Court should adopt the "treating physician" rule; that there was "obvious error" in prior final VA rating decisions requiring that those prior final decisions be revised; and that the veteran should be excused from failing to appeal the February 1984 RO decision because he relied at that time on an erroneous diagnosis from a VA physician that there was nothing wrong" with him. Additionally, the veteran states that the RO and BVA have erroneously concluded that the effective date of his present claim was November 18, 1988, when it was in fact no later than February 25, 1987.

## II. ANALYSIS

### A.

The Court does not agree with the veteran's assertion that the RO and BVA erred in failing to construe his November 18, 1988, Statement in Support of Claim as a Notice of Disagreement (NOD) in response to the February 10, 1987, RO decision. On February 25, 1987, the veteran requested that his claim be reopened. R. at 187. The RO reopened his claim and, on February 10, 1988, issued a rating decision denying the claim. R. at 194. On November 18, 1988, the veteran submitted a "Statement in Support of Claim", reasserting entitlement to service connection for his heart disorder, which the RO had just denied, but not referring to the February 1988 RO decision or to any RO decisions. R. at 197. On January 18, 1989, the RO issued a "DEFERRED OR CONFIRMED RATING DECISION" confirming the February 1988 decision. R. at 199. On June 12, 1989, the veteran submitted a letter to the RO, stating: "I disagree with your decision of 1–23–89 of non-service connected heart condition." R. at 205. The RO, and subsequently the BVA, concluded that the February 1988 RO decision

became final because the veteran had failed to file an NOD within one year after that decision. R. at 209; *Nagler,* BVA 90–24628, at 2. The veteran contends that his November 18, 1988, statement was a valid NOD to the February 1988 decision.

 Pursuant to 38 C.F.R. § 19.118 (1991), a communication filed within one year after notice of an RO adjudicative decision was mailed to the veteran (*see* 38 U.S.C. § 7105(b)(1) (formerly § 4005)), will constitute a valid NOD to that decision if it "express[es] dissatisfaction or disagreement" with the RO decision "in terms which can be reasonably construed as a desire for review of that determination." *See Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991). The veteran's November 18, 1988, statement does not constitute a valid NOD because it neither addresses the February 1988 RO decision nor expresses disagreement with the RO's denial of his claim in that decision. *See Prenzler v. Derwinski,* 928 F.2d 392, 394 (Fed.Cir. 1991). Therefore, the Board correctly concluded that the February 1988 RO decision became final because the veteran failed to file a timely NOD to that decision.

### B.

The Court holds that the veteran did submit new and material evidence to reopen his claim, finally denied by the RO February 1988, and that the Board erroneously failed to readjudicate his claim upon all the evidence of record. *See* 38 U.S.C. § 5108 (formerly § 3008); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991); *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). The Board concluded that "[t]he evidence submitted since the 1984 determination is new and material". *Nagler,* BVA 90–24628, at 5. However, because the February 1988 RO decision became final when the veteran failed to file an NOD within one year, the correct inquiry is whether the evidence submitted since the February 1988 decision is new and material. The Court holds that it is.

 The Court agrees with the parties that the Board failed to provide adequate reasons or bases explaining its evaluation of all lay and medical evidence of record, both old and new, and its analysis of the application of the benefit-of-the-doubt rule. *See* 38 U.S.C. § 7104(a), (d)(1) (formerly § 4004); *Hatlestad v. Derwinski,* 1 Vet. App. 164, 169–70 (1991); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). The Court further agrees with the veteran that the Board failed to discuss adequately the application of the potentially applicable regulatory provisions of 38 C.F.R. §§ 3.307 and 3.309, relating to the presumption of service connection for chronic diseases manifest to a degree of 10% or more within one year after separation from service. *See* 38 U.S.C. § 7104(a); *Douglas v. Derwinski,* 2 Vet.App. 435, 438–40 (1992) (en banc); *Schafrath v. Derwinski,* 1 Vet.App. 589, 592–93 (1991).

### C.

On the record before the Court, and in the absence of numerous necessary findings of fact regarding the credibility and probative value of the evidence of record, the Court does not find a sufficient basis at this time for holding the Board's conclusion clearly erroneous and awarding service connection. *See* 38 U.S.C. § 7261(a)(4), (c) (formerly § 4061); *Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991) ("Because [this Court] is a court of review, it is not appropriate for [it] to make a de novo [fact]finding, based on the evidence"); *Gilbert,* 1 Vet.App. at 53 (Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them"). Therefore, remand is the appropriate remedy.

### D.

 With regard to the veteran's claims that prior final VA decisions should be revised because they contain "obvious error" (which the Court construes as a claim for revision of the prior RO decisions under 38 C.F.R. § 3.105(a) for "clear and unmistakable error", *see Russell v. Principi,* 3 Vet.App. 310, 312 (U.S.Vet.App.1992) (*consolidated with Collins v. Derwinski,* No.

90–416) (*Russell/Collins*) (en banc)), and that the veteran's failure to appeal the February 1984 RO decision should be waived, since neither claim was raised to the BVA, this Court will not review those claims. *See Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990). The Court will review claims of clear and unmistakable error in prior final decisions only when such claims have been raised to and adjudicated by the BVA. *Russell/Collins,* 3 Vet. App. at 315. With regard to the veteran's claim that his failure to appeal the 1984 RO decision should be waived, it is unclear whether the veteran asserts this as a basis for revising the 1984 decision to correct "clear and unmistakable error", or a basis for a discretionary extension of time under 38 C.F.R. § 3.109(b) (1991) to file an NOD to the 1984 decision, or relies on some other provision of law. In any event, because this claim was never raised to the BVA, the Board's failure to address it is not error. *Cf. EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991) (BVA required to review all issues reasonably raised to it).

### E.

 Finally, with regard to the veteran's claim that the Court adopt the "treating physician" rule, the Court has expressly declined to adopt that rule (*see Chisem v. Principi,* 3 Vet.App. 322, 328–29 (U.S.Vet. App.1992)), instead holding that "the BVA must provide the reasons or bases for the acceptance or rejection of the medical opinions of treating physicians and reasons or bases for the relative weight and [probative value] given to such evidence." *Id.* at 328–29. The Court expects that the Board's decision on remand will comply with those instructions.

### III. CONCLUSION

Upon consideration of the record, the appellant's brief, the Secretary's motion for summary remand, and the appellant's opposition to that motion, the Court grants the Secretary's motion and vacates the July 18, 1990, BVA decision. The Court summarily remands the matter to the Board for prompt readjudication, in accordance with the Secretary's motion (incorporated herein by reference) and this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski,* 3 Vet. App. 129, 140 (U.S.Vet.App.1992). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.