**Alex E. WINSLOW, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–197.

United States Court of Veterans Appeals.

Jan. 5, 1996.

Jeffrey J. Winslow, Milwaukee, WI, was on the brief for the appellant.

Mary Lou Keener, General Counsel, Atlanta, GA; Ron Garvin, Assistant General Counsel, Adrienne Koerber, Deputy Assistant General Counsel, and Barbara J. Finsness, Washington, DC, were on the brief for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

FARLEY, Judge, filed the opinion of the Court.

STEINBERG, Judge, filed a concurring opinion.

FARLEY, Judge:

This is an appeal from a February 24, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which found the appellant's claim of clear and unmistakable error (CUE) in a May 1959 regional office (RO) decision to be unreviewable. The BVA also found that a "September 1983 rating decision was not clearly and unmistakably erroneous except insofar as it failed to maintain the 30 percent evaluation for the veteran's service-connected psychiatric condition and that an effective date of August 10, 1982, is warranted for the 30 percent evaluation for hearing loss." Record (R.) at 10. The appellant disputes the BVA's finding as to the May 1959 RO decision and also argues that, in addition to the CUE that the BVA found had occurred in the September 1983 RO decision, the 1983 decision was clearly and unmistakably erroneous in another respect. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). On August 21, 1995, the appellant filed a motion for oral argument. The Court will deny that motion because the Court does not believe that it will materially assist in the disposition of this appeal. For the reasons that follow, the Court will affirm the BVA decision.

## I.

On October 19, 1993, in a single-judge memorandum decision, the Court vacated a July 30, 1991, BVA decision and remanded the matter because "the Board failed to provide adequate, indeed any, reasons or bases for its conclusion that the 1959 reduction [of the appellant's disability rating for his service-connected defective hearing condition] was not the product of CUE." *Winslow v. Brown*, No. 91–2003, 1993 WL 425979, at *8 (Vet.App. Oct.19, 1993); R. at 494. On March 15, 1994, the Board remanded the appellant's claim to the RO for additional development. R. at 547–52. In June 1994, the RO found that new and material evidence had not been submitted to warrant reconsid-eration of the claim of CUE in the 1959 rating decision. R. at 574. (The RO framed its decision in terms of whether new and material evidence had been submitted because whether the 1959 RO decision was the product of CUE had been addressed in a June 1967 BVA decision. R. at 221; *see also* R. at 549.)

On August 12, 1994, the U.S. Court of Appeals for the Federal Circuit issued its decision in *Smith v. Brown*, 35 F.3d 1516, 1527 (Fed.Cir.1994), holding that "the CUE review authority in [38 C.F.R.] § 3.105(a) [(1994)] ... relat[es] only to review of [agency of original jurisdiction (AOJ)] adjudicatory decisions and not to those of the Board." On December 13, 1994, this Court issued a decision in *Duran v. Brown*, 7 Vet. App. 216, 224 (1994), holding that "where an AOJ decision was appealed to and affirmed by the Board and thus subsumed by the Board's decision, no claim of 'clear and unmistakable error' under 38 C.F.R. § 3.105(a) exists as a matter of law with respect to that AOJ decision."

In the February 1995 decision here on appeal, the BVA acknowledged the holdings of *Smith* and *Duran* and concluded: "The May 1959 rating action was subsumed by ... 1960 and 1967 Board decisions. Accordingly, the veteran's claim of [CUE] in the May 1959 rating action does not exist as a matter of law and it is necessary that [that] aspect of his appeal be dismissed." R. at 13; *see also* R. at 128–29, 214–23 (1960 and 1967 BVA decisions). A timely appeal to this Court followed.

On May 8, 1995, the Court, sua sponte, ordered expedited briefing of this case pursuant to Rule 47 of the Court's Rules of Practice and Procedure. The Court noted that "it appear[e]d that the doctrine of the law of the case, and whether the BVA's failure to follow the mandate of this Court was justified by an exception to that doctrine, may be determinative," and directed the parties to address the doctrine in their briefs.

## II.

The appellant contends that the BVA must comply with the remand order in

the Court's October 1993 memorandum decision under the doctrine of res judicata. Brief (Br.) at 2–5. In *McDowell v. Brown*, the Court stated:

> Under the doctrine of res judicata, a judgment entered *on the merits* by a court of competent jurisdiction in a prior suit involving the same parties or their privies settles that cause of action and precludes further claims by the parties or their privies based on the same cause of action, including the issues actually litigated and determined in that suit, as well as those which might have been litigated or adjudicated therein.

5 Vet.App. 401, 405 (1993) (emphasis added); *see also Neves v. Brown*, 6 Vet.App. 177, 179 (1993) (listing elements of res judicata). To be on the merits, a "judgment must have reached the real and substantial grounds of the action as opposed to procedural matters. It must have assessed the relative merits of the claims asserted in the complaint." *Federal Deposit Ins. Corp. v. Urbanizadora Altomar, Inc.*, 716 F.Supp. 701, 704 (D.P.R. 1989); *see* BLACK'S LAW DICTIONARY 843 (6th ed. 1990) (defining "judgment on the merits" as "[o]ne rendered ... when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or formal or merely technical or procedural point"). Here, the claim was remanded solely because the decision did not contain adequate reasons or bases, as required by 38 U.S.C. § 7104(d)(1), for the Board's conclusion that the 1959 RO decision was not the product of CUE. *Winslow,* 1993 WL 425979, at *8; R. at 494. The rationale for remanding when the BVA's reasons or bases are inadequate is that a "bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements." *Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990). Thus, whether the reasons or bases in a given case are adequate is a preliminary determination, and when a claim is remanded because the reasons or bases are inadequate, the "real and substantial grounds of the action" have not been reached. Thus, the October 19, 1993, memorandum decision was perhaps "fi-

nal" for some purposes, *see Shalala v. Schaefer,* 509 U.S. 292, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Cleary v. Brown,* 8 Vet.App. 305, 308–09 (1995), but it was not a judgment on the merits so as to invoke the doctrine of res judicata.

### III.

▮ "It is clear that when a case has been remanded, the trial court must upon the remand proceed in accordance with the mandate and law of the case as established by the appellate court." *In re United States Steel Corp.,* 479 F.2d 489, 493 (6th Cir.1973). "The principle of 'law of the case' has been applied to the application of the law in decisions of federal courts in cases remanded to administrative agencies." *Browder v. Brown,* 5 Vet.App. 268, 270 (1993); *see also City of Cleveland, Ohio v. Federal Power Comm'n,* 561 F.2d 344 (D.C.Cir.1977) (granting mandamus to petitioner after finding that Federal Power Commission violated the court's earlier mandate). A lower tribunal,

> upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.... The "mandate rule," as it is known, is nothing more than a specific application of the "law of the case" doctrine.

*Piambino v. Bailey,* 757 F.2d 1112, 1119–20 (11th Cir.1985).

Here, the mandate of the Court was to provide reasons or bases why the 1959 RO decision was not the product of CUE. Literally speaking, the Board complied with that mandate. The Board stated that because the 1959 RO decision was subsumed by the 1960 and 1967 BVA decisions, and because *Smith* and *Duran* provide that a CUE claim is unreviewable in such an instance, the appellant's CUE claim "does not exist as a matter of law." R. at 13. This is distinct from the situation in *Harris v. Brown,* 7 Vet.App. 547 (1995). There, the Court's mandate in an order granting a joint motion for remand instructed the Board to "remand this case to the AOJ for an adjudication in conformity with the Court's opinion in *Tobin [v. Derwinski,* 2 Vet.App. 34 (1991) ]." 7 Vet.App. at

548. However, the BVA did not remand the matter to the AOJ, but "decided ... under *Leopoldo v. Brown,* 4 Vet.App. 216 (1993), issued subsequent to our decision in *Tobin,* that the appellant's claim for service connection must be denied." *Harris, supra.* Here, the Board did follow the Court's mandate by explicitly considering whether there was a valid claim of CUE regarding the 1959 RO decision, and by clearly explaining its rationale why such a claim did not exist in compliance with the reasons or bases requirement of § 7104(d)(1).

 Even if the Court were to determine that the BVA had not followed the mandate of the Court, there still would be no need to remand this matter. "[T]he doctrine of 'law of the case' must yield to an intervening change of controlling law between the date of the first and subsequent consideration of the question." *Johnson v. Brown,* 7 Vet.App. 25, 27 (1994); *see also Piambino,* 757 F.2d at 1120; *Amen v. City of Dearborn,* 718 F.2d 789, 794 (6th Cir.1983). *Smith,* and the analysis of *Duran* applying *Smith* in determining whether a CUE claim regarding an RO decision that has been subsumed in a later BVA decision, constitute a change in the controlling law subsequent to the Court's remand of this matter to the BVA. Thus, even if we had found that the BVA had failed to follow the mandate of the October 19, 1993, memorandum decision, we would have also found that this was permissible under the "intervening change of controlling law" exception to the law of the case doctrine.

## IV.

The appellant next argues that the September 1983 RO decision, which the Board found was the product of CUE with regard to a protected rating for a psychiatric disorder, was also the product of CUE with regard to his claim for service connection for hearing loss because the RO listed the hearing loss as incurred in World War II (R. at 311) while it had been listed in all prior rating decisions as aggravated in World War II (*see* R. at 59, 73, 80, 101, 116, 142, 176, 199, 228, 242). Br. at 5–10; Reply Br. at 2–5. The Secretary responded that this was merely an administrative error that had no preju-

dicial effect on the appellant, and that in a March 1995 rating decision, a copy of which the Secretary appended to his brief, the RO had corrected the error. Br. at 9–11. The appellant responded with a motion to strike the appended March 1995 RO decision and a March 1995 letter to the appellant from the Secretary's brief, along with all corresponding argument because they postdate the BVA decision.

 The appellant is correct that no documents which postdate the BVA decision can be included in the record on appeal. 38 U.S.C. § 7252(b) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board."). Such documents are excluded so as not to influence the Court's review of a BVA decision based on evidence which the BVA did not weigh or at least have an opportunity to weigh when it made its decision. Here, the Secretary did not seek to include the March 1995 documents in the record on appeal, and submitted them only to establish that the appellant's hearing loss condition had recently been reclassified as aggravated in World War II. Further, the documents involved are a copy of a VA adjudication and a letter informing the appellant of that adjudication, and we cannot envision any manner in which they could improperly influence the Court's decision and can find no violation of any statute or of Rule 10 of the Court's Rules of Practice and Procedure. Accordingly, the appellant's motion will be denied.

 Regarding whether the September 1983 RO adjudication of the hearing loss claim involved CUE, we first note that veterans will be compensated for disabilities either incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. The appellant argued in his reply brief: "Had the designation [of aggravated] not been changed, the VA would have been required to award Mr. Winslow benefits retroactive to his date of discharge in 1945 for a 30% hearing disability." Reply Br. at 3. He also stated in his motion to strike that "the plain language of 38 U.S.C. § [1153] and 38 C.F.R. § 3.306(b) [ (1994) ] intends that a disability found to be 'aggravated' by active service is effective

from the time of discharge from such service." Motion at 2–3.

The appellant's interpretation of the law is incorrect. Section 1153 provides that "injur[ies] or disease[s] will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease." *See also* 38 C.F.R. § 3.306(b). The statute is completely silent regarding when compensation for service-connected conditions will begin; that is the subject of 38 U.S.C. § 5110. Section 5110(a) provides:

Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

An effective date of the day after a veteran was discharged or released from service will be granted only when the claim for disability compensation is filed "within one year from [the date of the veteran's] discharge or release." 38 U.S.C. § 5110(b)(1). The appellant's claim for an increased rating that led up to the 1983 RO decision seems to have been filed in May 1983. R. at 310 (rating decision noting that date of claim was May 12, 1983). Therefore, that claim was not filed within a year after his December 1945 discharge (R. at 28), and the appellant cannot obtain an effective date of the day after his discharge from service.

■■■ A "'clear and unmistakable error' under § 3.105(a) must be the sort of error which, had it not been made, would have manifestly changed the outcome at the time it was made." *Russell v. Principi*, 3 Vet.App. 310, 313 (1992) (en banc). Since the RO's mistake in listing the appellant's service-connected hearing loss as having been incurred, rather than as having been aggravated, in World War II was merely a clerical error that had no effect on the appellant's award of benefits, it cannot be CUE.

## V.

Accordingly, the Court denies the appellant's motion for oral argument, denies the appellant's motion to strike exhibits from the Secretary's brief, and AFFIRMS those parts of the February 24, 1995, BVA decision which dismissed the appellant's appeal regarding a claim of CUE in the 1959 RO decision and denied an effective date for restoration of the 30% rating earlier than August 10, 1982.

STEINBERG, Judge, concurring:

I concur in the result because I find that the Board of Veterans' Appeals (BVA) complied with the mandate of the Court. The appellant argues that the BVA failed to carry out the remand order because it "dismissed the claim without readjudicating it". Brief (Br.) at 1–2. The Court's 1993 memorandum decision concluded with the statement that the 1991 BVA decision was "VACATED and the matter REMANDED for readjudication consistent with this decision." R. at 495. The BVA then proceeded to readjudicate under the law as it existed at the time of the new BVA decision, and dismissed the clear and unmistakable error (CUE) claim. The Court did *not* instruct the BVA to readjudicate based on the law as it was in 1991. I believe that no more need be said to dispose of the law-of-the-case doctrine in this case.

As to the res judicata contention by the appellant, I believe it is inapposite, and that the appellant could not obtain the relief he seeks by application of that doctrine. As explained below, therefore, I do not believe the Court should reach the question whether the Court's 1993 memorandum decision remanding for an adequate statement of reasons or bases has res judicata effect on subsequent administrative adjudication proceedings.

The appellant argues that res judicata prevents collateral attack on a completed lawsuit and that therefore the Court's 1993 remand order cannot be affected by a subsequent decision—that is, the Federal Circuit's decision in *Smith (William) v. Brown*, 35 F.3d 1516 (Fed.Cir.1994). Although it is true that res judicata prevents a collateral attack, that is because res judicata is, broadly, a require-

ment that (1) a plaintiff *merge* all claims that are part of a particular action (or that a defendant file a related counterclaim) or be *barred* from asserting those claims (or counterclaims) in a later lawsuit if the plaintiff (or defendant) failed to raise them in the first lawsuit; and (2) issues decided once may not be relitigated by a party. *See, e.g., Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1220 (6th Cir.1990); *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446, 448–49 (8th Cir.1979). Therefore, even if the appellant were correct here that the judgment was res judicata, res judicata would not apply to the BVA's readjudication of the case, because the BVA is not a party to the appeal to this Court.

Therefore, the question of res judicata—whether the focus is on claim preclusion or issue preclusion—on the substantive issues is a red herring. What the appellant apparently means to argue is the mandate rule, or law-of-the-case doctrine (which the Court has recently dealt with in *Chisem v. Brown*, 8 Vet.App. 374, 375 (1995)), and subject matter jurisdiction. The Court should deal with res judicata on the substantive issues only by noting that it is a doctrine which, even if applicable, would not help the appellant.

Furthermore, I believe that the majority opinion may not be correct in concluding that a remand by this Court for a readjudication on the ground of a failure of the BVA to provide an adequate statement of reasons or bases under 38 U.S.C. § 7104(d)(1) is not res judicata because it is not a decision "on the merits". As one treatise states:

Traditionally, the third and final requirement for res judicata is that the judgment must be "on the merits." In general terms, a judgment is considered to be on the merits if it is a disposition based on the validity of the plaintiff's claim, rather than on a technical procedural ground. Therefore, *any judgment in favor of a claimant establishing his rights and ordering relief will be on the merits for res judicata purposes*, whereas a judgment against the claimant may or may not be on the merits because it may result either from a

decision on the substantive rights involved or from a purely procedural ruling.

Unfortunately, the phrase "on the merits" has created much confusion and obscures the fact that a court decision may be given preclusive effect independent of the merits of the underlying claim.... For these reasons the Restatement Second of Judgments formulates the rules of res judicata without using the traditional phrase "on the merits". Under its approach the principle of bar applies to all valid and final personal judgments, although exceptions are allowed for those cases that may be characterized as "not on the merits" under the older scheme.

JACK H. FRIEDENTHAL ET AL., CIVIL PROCEDURE § 14.7, (1985) (emphasis added). Perusal of the Wright & Miller treatise reveals that most areas of controversy as to whether a judgment was on the merits concern cases where there was a *dismissal,* and even some dismissals have res judicata effect. *See* 18 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §§ 4435–4447, 4466. Wright and Miller, as does Friedenthal, characterize the phrase "on the merits" as "unfortunate" because an adjudication can have preclusive effect even though it is not "on the merits". *Id.* at § 4435. Moreover, it is not at all clear that a final Court decision remanding to the BVA for readjudication and an adequate statement of reasons or bases because the BVA decision was legally defective is not a judgment on the merits of that BVA decision. When the BVA readjudicates, it issues a "new" decision that must be appealed to this Court by a new Notice of Appeal. Such a reasons-or-bases remand does not seem analogous to a procedural matter where the ensuing proceedings are part of the same case, or where the Court retains jurisdiction over the remand proceedings, *see Saunders v. Brown*, 4 Vet.App. 320, 327 (1993).

The authority cited in the majority opinion for finding that res judicata does not apply here—a U.S. District Court decision and *Black's Law Dictionary*—is scant, and I see no reason for reaching out to address that issue when the appellant's contention can be

disposed of fully because it is defective on its face.

Finally, I differ from the majority's analysis as to the material appended to the Secretary's brief. The Secretary offers that material for purposes of demonstrating that because of mootness the Court is without jurisdiction to consider the appellant's argument, addressed in part IV of the majority's opinion, regarding whether the Department of Veterans Affairs regional office also committed CUE in its September 1983 decision by listing the appellant's service-connected hearing loss as having been incurred, rather than aggravated, in service. Br. at 5–10; Reply Br. at 2–5. When an issue becomes moot while an appeal is pending here, the Court is deprived of jurisdiction to decide that issue because it is no longer in controversy. *See Aronson v. Brown,* 7 Vet.App. 153, 155 (1994) (citing *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir.1992)); *see also Rife v. Brown,* 7 Vet.App. 340, 341 (1994) (per curiam order). This Court has authority to look beyond the appellate record in deciding jurisdictional questions. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991). Accordingly, I believe that the Court may review the appended documents in order to determine if it has jurisdiction to review the Board's disposition of this CUE claim. These documents show that the matter is no longer in controversy and that the Court thus does not have jurisdiction over this issue because it has become moot. I would therefore dismiss the appeal as moot as to this CUE claim rather than affirm the Board decision implicitly on this point.