**Ricky G. JARVIS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No.  98–1347.

United States Court of Appeals for Veterans Claims.

Sept. 10, 1999.

Roberta J. Ufford was on the brief for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Ari Nazarov were on the brief for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and GREENE, Judges.

NEBEKER, Chief Judge:

This is an appeal from a July 13, 1998, Board of Veterans' Appeals (Board or BVA) decision that denied entitlement to an earlier effective date for service-connected schizophrenia. The veteran, however, limits the arguments in his brief and reply brief to entitlement to an increase in the 50% disability rating assigned for his schizophrenia, which he argues was raised to VA but was not adjudicated. The Secretary filed a brief urging the Court to dismiss the appeal. In his brief to the Court, the appellant requested oral argument. The Court denies the appellant's request because it believes that argument will not materially assist in the disposition of this appeal. See *Winslow v. Brown*, 8 Vet.App. 469, 471 (1996). For the following reasons the Court will dismiss the appeal for want of a jurisdiction-conferring NOD.

## I. FACTS

On August 20, 1996, upon determining that new and material evidence had been submitted to reopen a claim for an acquired psychi-atric disorder, the Board granted service connection for schizophrenia. Record (R.) at 487–99. On August 27, 1996, a VA regional office (RO) issued a rating decision in which it evaluated the condition as 50% disabling, and assigned an effective date of April 30, 1992. R. at 502–03, 505–07. In September 1996, the appellant filed a Notice of Disagreement (NOD) stating:

> In response to the determination Appeal of the BVA within 120 days of notice. Starting May 1, 1992 service connection is granted. The claim was filed April 1982 with VA Huntington W.Va. and Congressman David Michael Staton with record enclosed about ten years before.

R. at 509. Attached to the NOD was, inter alia, a copy of the August RO decision with a portion circled. R. at 548. The circled portion without question included the words "Starting May 1, 1992." *Id.* Parts of the lines immediately above and below these words were also partially included in the circle, including the words "payments must begin the" and "granted at 50 percent." *Id.* It is unclear whether these phrases were intended to be included in the circle, or whether the circle was meant to emphasize only the "Starting May 1, 1992" phrase, but was simply drawn larger on all sides than necessary. The appellant's correspondence was construed by VA as both a motion for reconsideration and as an NOD concerning the effective date. R. at 512. VA denied the motion for reconsideration on December 12, 1996, and advised the appellant that his NOD "with regard to the effective date assigned" was being referred to the RO for processing. R. at 513–14.

On December 31, 1996, the RO sent the appellant a Statement of the Case [SOC], stating "[e]ntitlement to an earlier effective date for the grant of service connection for schizophrenia" as the issue. R. at 517–30. On January 10, 1997, VA received the appellant's substantive appeal to the BVA, which stated as the only issue: "Entitlement to an earlier effective date for the grant of service connected schizophrenia." R. at 532. In November 1997 the appellant's representa-

tive filed a "written brief presentation" with the Board, stating that the questions at issue were: "(1) Entitlement to an earlier effective date for the service connected schizophrenia; and (2) Service connection for PTSD," and arguing in relevant part only that the appellant was entitled to an effective date in 1982. R. at 537–38. In July 1998 the Board denied the claim. R. at 1–5.

In his brief to the Court, the appellant, through counsel, concedes that the BVA correctly adjudicated the effective date issue, and states that he is not pursuing an appeal on that matter. Appellant's Brief (Br.) at 9. He argues instead that his September 1996 NOD encompassed a disagreement with not only the effective date, but also with the assignment of a 50% disability rating, and he asks the Court to remand that matter for further procedural development. *Id.* at 11–17, 25. The appellant states that by attaching a copy of the RO's August 1996 decision, and by circling not only the effective date, but also the words "granted at 50 percent," he raised both issues on appeal. *Id.* at 9–14. In the alternative, he claims that his NOD was vague and general, and that it should therefore be construed as having raised both issues. *Id.* at 15–17, Reply at 6–12. Finally, the appellant argues that if VA found his NOD unclear, VA breached its duty under 38 C.F.R. § 19.26 (1998) to seek clarification from the appellant as to which issue or issues his NOD was disagreeing with. Br. at 18, Reply at 4–6. In response, the Secretary contends that the appeal of the earlier effective date claim should be dismissed as abandoned, and that the Court does not have jurisdiction to consider the appellant's arguments pertaining to the 50% disability rating issue. Secretary's Br. at 3–9.

## II. ANALYSIS

Because the veteran does not take issue with the Board's disposition of the effective date claim, that issue is deemed abandoned on appeal, and the Court will not review the Board decision with respect to that claim. *See Grivois v. Brown,* 6 Vet.App. 136, 138 (1994) (issues or claims not pressed on appeal

are deemed abandoned); *Bucklinger v. Brown,* 5 Vet.App. 435, 436 (1993). Accordingly, that decision is final and unreviewable.

■ With regard to whether the appellant's September 1996 correspondence was an NOD as to the 50% disability rating, as an initial matter, the Court notes that its appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and that the Court may not extend its jurisdiction beyond that permitted by law. *See Skinner v. Derwinski,* 1 Vet.App. 2, 3 (1990). Pursuant to the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note), this Court has jurisdiction over only those appeals in which an NOD was filed on or after November 18, 1988, as to any action of a VA agency of original jurisdiction that underlies the Board decision that the appellant seeks to appeal.

■ Whether a document constitutes an NOD is a jurisdictional matter that the Court reviews de novo. *See Phillips v. Brown,* 10 Vet.App. 25, 30 (1997) ("[A] court has jurisdiction to determine whether it has jurisdiction over a particular matter"). An NOD is defined as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result." 38 C.F.R. § 20.201 (1998); *see Fenderson v. West,* 12 Vet.App. 119 (1999); *Jones v. West,* 12 Vet.App. 98 (1998). It must be expressed "in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review" and "the specific determinations with which the claimant disagrees must be identified." 38 C.F.R. § 20.201. In determining whether a written communication constitutes an NOD, the Court looks at both the actual wording of the communication and the context in which it was written. *See Drenkhahn v. Derwinski,* 2 Vet.App. 207, 208 (1992); *Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991).

Both the appellant and the Secretary cite *Ledford v. West,* 136 F.3d 776 (Fed.Cir.1998),

and *Collaro v. West*, 136 F.3d 1304 (Fed.Cir. 1998), in support of their positions. In *Ledford*, the U.S. Court of Appeals for the Federal Circuit held that while the legal reasons supporting a challenge need not appear in the NOD, an NOD must indicate disagreement with a specific determination. 136 F.3d at 780. In that case, the Federal Circuit held that this Court did not err in declining to exercise jurisdiction over challenges to a 1981 RO determination when the veteran's NOD did not relate to that claim, but rather addressed only a 1990 effective date determination. *Id.* at 779–82; *see also Velez v. West*, 11 Vet.App. 148, 157–58 (1998) (appellant's NOD as to RO's denial of service connection for stomach disability did not confer jurisdiction over implied claim for secondary service connection for stomach disability). In *Collaro*, the Federal Circuit held that the "statutory and regulatory regime that Congress created to protect veterans" allows a claimant to file a "vague NOD" and at a later time "cut the rough stone of his NOD to reveal the ... radix of his issue that lay within." 136 F.3d at 1308–09; *see also Buckley v. West*, 12 Vet.App. 76, 82–83 (1998) (noting that *Ledford* and *Collaro* together "support the proposition that this Court has jurisdiction over claims that an appellant has reasonably raised to the RO ... and that the Court may entertain any arguments made in support of such claims when presented with a 'vague' or general NOD or, at least, one that does not limit the Court's consideration of the arguments made.").

■ In this case, considering the actual words of the NOD and the context in which they were written, the Court holds that the September 1996 NOD indicated disagreement only with the effective date of the schizophrenia disability rating, and thus does not constitute an NOD as to the percentage of that disability rating. The appellant's NOD, his formal appeal to the Board, and the statement of the appellant's representative before the Board, all address only, and very specifically, the effective date issue. The attachment of the August 1996 RO decision does not serve to broaden the clear and succinct issue pressed in the NOD. The circled portion of the attached RO decision provides no justification for a more liberal reading of the NOD than that expressed in its plain words. The circled portion, when read in conjunction with the attached NOD, highlights the appellant's intent to direct VA's attention to the May 1, 1992, date for the award of the 50% rating, in support of his dispute regarding the effective date issue. Further, the September 1996 NOD was not so vague and general as to necessitate a broad construction which would include interpreting the NOD as contesting the 50% rating itself, rather than its effective date. *See Collaro*, 136 F.3d at 1309 ("Unlike Ledford's 1991 NOD, which specifically identified and thus limited his issue ... Collaro's NOD was not so narrowly limited."); *see also Buckley*, 12 Vet.App. at 83 (NOD expressing "total disagreement" raised several issues on appeal). The NOD here was clear on its face, and VA did not err in treating it as a dispute with only the effective date. The appellant's arguments to the contrary are not persuasive and the Court holds that it does not have jurisdiction over the 50% disability rating dispute because no valid NOD has been filed with respect to that issue.

By regulation, "[w]hen a[n NOD] is received following a multiple issue determination and it is not clear which issue, or issues, the claimant desires to appeal, clarification sufficient to identify the issue, or issues, being appealed should be requested from the claimant or his or her representative." 38 C.F.R. § 19.26. The appellant's argument that VA breached this duty by not requesting clarification from him after the submission of his NOD fails because, as the Court previously noted, the September 1996 NOD was clear. The appellant's statement that the claim was filed in 1982 and the absence of any mention of a rating in excess of 50% indicate with specificity that the appellant was disputing only the effective date. Accordingly, no breach of 38 C.F.R. § 19.26 is found.

## III. CONCLUSION

In light of the foregoing, the appellant's request for oral argument is denied, and the appeal is DISMISSED.