KASOLD, Judge,
concurring:
I fully concur in the dismissal of this petition. I write separately to add that the Secretary and the Board nevertheless should be cautioned that it is not proper to stay the processing of claims in which the lawful judgment of the Court reversing the Board’s decision has been entered, no appeal has been taken, and the mandate of the Court has been entered. See Winslow v. Brown, 8 Vet.App. 469, 472 (1996) (“A lower tribunal, ‘upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate (quoting Piambino v. Bailey, 757 F.2d 1112, 1119-20 (11th Cir.1985)); see also Ramsey v. Nicholson, 20 Vet.App. 16, 39 (2006) (holding unlawful Secretary’s and Board’s stay “as to the effect of any of this Court’s decisions”). The proper course of action when a party disagrees with a decision of the Court is to appeal the Court’s decision or to move the Court for a stay. Indeed, it is a “basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.” Maness v. Meyers, 419 U.S. 449, 459, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); see also 38 U.S.C. § 7265(a)(3) (granting Court power to punish contempt “by fine or imprisonment”); Moore v. Derwinski, 2 Vet.App. 67, 68 (1992) (ordering Secretary to show cause why he should not be held in contempt for failure to comply with the mandate of the Court).