KASOLD, Judge,
concurring:
Historically the Court has reviewed de novo the filings of the claimant in the context of the totality of the circumstances surrounding those filings and given no deference to the Board’s determination that a document did not constitute an NOD. See, e.g., Stokes v. Derwinski, 1 Vet.App. 201, 203 (1991) (“In judging whether a communication can be ‘reasonably construed’ as expressing dissatisfaction with a VA adjudicative decision, this Court will look not only at the actual wording of the communication, but also at the context in which the communication was written.”). This was because the Court’s jurisdiction originally was limited to reviewing only final Board decisions in which an NOD had been filed on or after November 18, 1988, see Pub.L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988); Skinner v. Derwinski, 1 Vet.App. 2, 3 (1990) (Pub.L. No. 100-687, § 402, “limited the Court’s jurisdiction to cases in which a Notice of Disagreement is filed on or after November 18, 1988”), and because the Court has the independent duty to “ ‘ensure jurisdiction over each case before adjudicating the merits.’ ” Smith v. Brown, 10 Vet.App. 330, 332 (1997) (quoting Barnett v. Brown, 83 F.3d 1380, 1383 (Fed.Cir.1996)); see Stokes, 1 Vet.App. at 203-204 (Court may find facts “crucial to the proper determination of whether this Court has jurisdiction”).
However, as the Secretary notes and argues in supplemental briefing, the filing of an NOD on or after November 18, 1988, is no longer a prerequisite to the Court’s exercise of its jurisdiction.[1] See Pub.L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001) (repealing Pub.L. No. 100-687, § 402); Kelly v. Nicholson, 463 F.3d 1349, 1352 (Fed.Cir.2006). This change in law brings into serious question whether de novo review is still appropriate with regard to whether an NOD has been filed and whether deference generally should be afforded the Board’s findings with regard to whether the requisite disagreement to a decision of the agency of original jurisdiction has been timely filed.[2] See, e.g., Moody v. Principi, 360 F.3d 1306, 1310 (Fed.Cir.2004) (recognizing that the interpretation of veteran’s filings is a factual inquiry); Medrano v. Nicholson, 21 Vet.App. 165, 170-71 (2007) (noting that the Court is not permitted to reverse Board’s favorable findings of fact); Marsh v. Ni *440 cholson, 19 Vet.App. 381, 384-85 (2005) (applying the “clearly erroneous” standard of review to Board’s adverse finding with regard to whether an NOD had been timely filed); see also McLendon v. Nicholson, 20 Vet.App. 79, 81 (2006) (noting varying standards of review for differing elements of statute requiring medical examinations or opinions, and deference for overall application of law to fact); Criswell v. Nicholson, 20 Vet.App. 501, 504 (2006) (noting that whether informal claim has been filed is reviewed under the “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” standard of review because it requires an application of law to the facts of the case); Butts v. Brown, 5 Vet.App. 532, 535, 538-540 (1993) (en banc) (discussing the various standards of review and noting that the standard of review to be applied may vary depending on the actual issue under review).

. A timely filed NOD remains a jurisdictional predicate for the Board. See Jarrell v. Nicholson, 20 Vet.App. 326, 331 (2006) (en banc) (requiring timely-filed NOD as predicate for Board's jurisdiction, absent a statutory grant of original jurisdiction).

. Of course, as noted in the Court’s opinion, questions of interpretation of law are reviewed de novo. Ante at 436 (citing Lennox v. Principi, 353 F.3d 941, 945 (Fed.Cir.2003)). Additionally, de novo review would still be appropriate when an expression of dissatisfaction with a decision of an agency of original jurisdiction is clear on the face of a timely filed document. Cf. Suaviso v. Nicholson, 19 Vet.App. 532, 533 (2006) (reaffirming that the Court generally will apply the "clearly erroneous” standard of review when assessing Board’s determination that new and material evidence had not been submitted to reopen a claim, but citing Voracek v. Nicholson, 421 F.3d 1299, 1305 (Fed.Cir.2005), for proposition that de novo review may be appropriate when the lack of materiality of a document can be determined on its face).