**Ray C. FOSTER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

**No. 90–1079.**

United States Court of Veterans Appeals.

Submitted May 1, 1991.

Decided July 16, 1991.

Julie A. Waltz, Asheville, N.C., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mul-len, Deputy Asst. Gen. Counsel, Washington, D.C., and Adrienne Koerber, Springfield, Va., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

PER CURIAM:

Appellant seeks reversal of a June 7, 1990, Board of Veterans' Appeals (BVA) decision denying extension of a temporary total convalescence evaluation beyond April 30, 1989, for a post-operative fusion, right thumb.

Appellant received, pursuant to 38 C.F.R. § 4.30 (1990), a total disability rating for convalescence, from November 2, 1988, to May 1, 1989.

Section 4.30(b) states that:

(1) Extension of 1, 2, or 3 months beyond the initial 3 months [the initial three months in this case commenced on December 1, 1988] **may be made** under paragraph (a)(1), (2) or (3) of this section. (2) Extensions ... up to 6 months beyond the initial 6 months period may be made under paragraph (a)(2) or (3)....

(Emphasis added.)

Appellant cannot qualify under § 4.30(a)(2) because his therapy did not involve immobilization of a major joint. *Cf.* 38 C.F.R. § 4.45(f) (1990). Nor, for that reason and because he had surgery, can he qualify under § 4.30(a)(3).

Under § 4.30(a)(1), the maximum period of time that appellant could have had a total disability rating for convalescence was from November 2, 1988, to May 31, 1989. Thus, the issue in this case is whether appellant is entitled to an extension of his total disability rating through the month of May 1989. Under Section 4.30(b)(1), whether or not the appellant is entitled to such an extension, is a matter of discretion for the Secretary of Veterans Affairs (Secretary). Unlike the wording of § 4.30(a), which directs the granting of the rating for the initial period by the use of the phrase "will be assigned", § 4.30(b)(1) is phrased in discretionary terms of "may

**394**

be made" for the granting of an extension beyond the initial period.

 The standard of review for this Court in reviewing a discretionary determination of the Secretary is governed by 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061) which permits this Court to "set aside" such a determination only where it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law". In this case, the BVA found that

> [a]n April 28, 1989, VA progress note disclosed good function of the right thumb ... [and the] veteran did not require further convalescence following surgery on the right thumb beyond April 30, 1989.

*Ray C. Foster,* BVA 90–18326, at 6 (June 7, 1990).

 The BVA discredited the July 27, 1989, outpatient orthopedic clinic progress note, which indicated that the veteran had been totally disabled during the prior three months, by implicitly stating that the note was unsupported by clinical evidence. While it is true that the BVA did not comment upon the veteran's testimony at his November 9, 1989, hearing at the Winston–Salem Veterans' Administration (now Department of Veterans Affairs) Regional Office, the Court, nevertheless, cannot conclude, based on the record, and the filings of the parties, that the BVA decision contains either factual or legal error which would warrant reversal. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The Court holds that it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law for the BVA to deny extending the total disability rating of the appellant through May 1989. *See Motor Veh. Mfrs. Assn. v. State Farm Mut.,* 463 U.S. 29, 48, 103 S.Ct. 2856, 2869, 77 L.Ed.2d 443 (1983); *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 284–86, 95 S.Ct. 438, 441–42, 42 L.Ed.2d 447 (1974); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410–17, 91 S.Ct. 814, 820–24, 28 L.Ed.2d 136 (1971); *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 228–31, 84 S.Ct. 306, 313–15, 11 L.Ed.2d 281 (1963).

Therefore, the decision of the Board of Veterans' Appeals is AFFIRMED.