**Stephen D. KANDIK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–153.**

United States Court of Veterans Appeals.

Oct. 10, 1996.

Before MANKIN *, IVERS, and STEINBERG, Judges.

IVERS, Judge.

This case is one of first impression. The appellant appeals a December 2, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to additional vocational rehabilitation (VR) benefits under chapter 31 of title 38 of the U.S.Code. Record (R.) at 28. This Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court will affirm the decision of the Board denying an additional period of VR benefits.

## I. FACTS

The appellant served in the United States military from January 1978 to January 1979. R. at 31. While in the service, the appellant suffered an accidental gunshot wound in the foot during a training exercise. R. at 33. On June 5, 1979, he was service connected (rated as 10% disabled) for residuals of the gunshot wound to his right ankle and foot. R. at 35.

On June 15, 1979, the appellant filed an application for VR alleging that his foot injury made it impossible for him to perform "continual labor or movement." R. at 40–42. VA afforded the appellant a medical consultation, and the VA physician, Dr. L.A. Weiner, determined that there was no "serious disability" but that there were some physical limitations on the kind of work that the appellant could perform. R. at 44–46. The appellant was found eligible for chapter 31 VA benefits. R. at 49–50.

In the spring of 1980, the appellant started college in Pima, Arizona; he had no specified vocational goal. R. at 57–60. He had some difficulties in college, and, in August 1981, the appellant moved to Phoenix, Arizona. R. at 60, 65–66, 86–88. By this time, 16 months of VR entitlement had been used, and the appellant was still in counseling to select an objective for employment, but was considering a degree in psychology and marketing. R. at 86, 88. He attended school in Scotts-

Stephen D. Kandik, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Susan A. Wuchinich were on the pleadings for appellee.

---

* Judge Mankin was assigned to and participated in this case, but died before its final disposition.

dale, Arizona, for several months in 1981 and 1982 with a "deferred objective". R. at 93–100. In January 1982, an individualized written rehabilitation plan prepared by the appellant's VA counselor established goals including the appellant's acquiring and sustaining "employment in the field of advertising/marketing." R. at 101, 103, 112. The appellant then decided that he wanted to pursue a degree in "music merchandising" in Florida. R. at 108. The record reflects that VA continued to counsel and advise the appellant on the best method to attain his career goals with VR assistance.

After considerable discussion and counseling with VA, the appellant moved to Florida to attend the University of Miami (exact date unclear). R. at 96–103, 119. He maintained his original goal of advertising/marketing, and started school in Miami in the fall of 1983. R. at 101–03, 119–21, 123. As of November 1983, the appellant had used approximately 35 months of entitlement for VR training. R. at 128.

He satisfactorily completed the next academic year. R. at 138. In August 1984, the appellant was informed that his Individual Employment Assistance Plan (IEAP) would be prepared at the next counseling meeting. R. at 140. In that meeting, in October 1984, the counselor noted problems with the appellant's ability to handle his course load and financial difficulties, and also noted that he had personal conflicts with his academic advisor. R. at 144. The same problems were recorded in January 1985 along with a problem in his course grades. R. at 149. The appellant did graduate in June 1985 with a bachelor's degree in business administration (with a major in marketing). R. at 161. The appellant left Florida in June 1985 without developing an IEAP. R. at 155–59.

In October 1985, the appellant met with a VA counselor in San Francisco to develop an IEAP. R. at 167. Given his successful completion of his bachelor's degree, a finding of "rehab[ilitated] to [the] point of employability" was made. R. at 170. A certificate of "Authorization and Certification of Entrance or Reentrance into Rehabilitation and Certification of Status" was issued, showing that the appellant was eligible for employment services and allowance. R. at 169. He was paid an allowance for the period from August 22, 1985, to December 21, 1986. R. at 170. During this time, VA assisted the appellant in developing a rehabilitation plan. R. at 172. An undated IEAP stated that employment services would be provided to him from October 1985 to June 1996. *Ibid.*

In December 1986, the appellant filed a VR application stating: "I [have] been unemployed for over a year since I graduated[,] so I'm not sure I [have] actually been fully rehabilitate[d]." R. at 175. A VR "eligibility determination" showed that he had already used 56 months of entitlement. R. at 177. The determination also showed that the appellant's 12–year "elig[ibility] termination date" was June 22, 1991. *Ibid.* The VA Regional Office (RO), on December 16, 1986, sent the appellant a letter stating that, because he had been declared "rehabilitated to the point of employability," no further vocational training would be offered to him unless he could show that the employability determination should be cancelled. R. at 179. There is a notation dated January 16, 1987, on the letter that there was no response from the appellant. *Ibid.*

In July 1989, the appellant appeared for counseling at the Los Angeles RO asking for help because he was homeless and was unable to pay his educational loans or child support. R. at 181. He requested more education, stating that his interest was "contract law as it applies to the entertainment industry—or motion picture and music production and engineering training." *Ibid.* A medical consultation was done and it was reported that more VR was "medically feasible." R. at 184. The appellant went back to see a counselor in September and was told that his original entitlement could not be extended because he had used 56 months of a 48–month VR training entitlement period. R. at 189. The counselor referred the appellant to another counselor to develop another IEAP. *Ibid.*

On October 16, 1989, the VR counseling officer (VRCO) sent a letter erroneously stating that the appellant was not eligible for further VR benefits because his 12–year eligibility period had expired. R. at 191, 271.

However, a certificate of "Authorization and Reentrance" into the rehabilitation program was issued showing that the appellant was eligible for employment services with an effective date of October 16, 1989. R. at 197. An IEAP was prepared and provided the stated program goal of "acquir[ing] and sustain[ing] employment as a Public Relations Rep[resentative] (any ind[ustry])". R. at 200. The appellant was introduced to the RO job club and received several counseling sessions through February 1990. R. at 205. The RO authorized the purchase of the following items for the appellant: a voice mail answering service; dress shoes; copies of "International Buyer's Guide" and the "Yellow Pages of Rock"; and telephone and postal services. R. at 210, 212, 214, 216, 223. The RO also paid registration costs for the appellant's typing class. Resumes were prepared. R. at 227–41. The RO also made phone calls on behalf of the appellant inquiring about employment opportunities. R. at 246, 252.

In March 1990, a VRCO noted that it was "very hard to place [the] veteran," because the jobs which he sought were more obtainable through networking than through job applications. R. at 252. An April 1990 report of training prepared by the VRCO contained notations regarding employment services being provided to the appellant. R. at 254. By August 16, 1990, the appellant was calling the RO to complaining about the assistance he had received. R. at 256. A VA counselor suggested that the appellant consider a change of field because "his employment goal is unrealistic and probably unattainable." *Ibid.* The VRCO noted that the appellant was "belligerent, insolent, sarcastic, hostile, uncooperative, etc." R. at 256–57. The VRCO noted that "[o]ur position is [that VA has] provided him with all the assistance [it would] provide him with," and requested a psychiatric evaluation "questioning the feasibility issue." R. at 257.

In September 1990, the appellant filed a VA Form 21–438, Statement in Support of Claim, complaining about "the level and amount of actual employment assistance" he had received. R. at 264. The RO referred his complaint to the VRCO, who formally requested a psychological referral. R. at 269.

In December 1990, the appellant was evaluated by a VA psychologist who noted that the appellant "appear[ed] to be employable with considerable potential." R. at 277. However, the psychologist also stated that the appellant's "emotional difficulties" precluded "an occupation which requires more than a superficial understanding of how others perceive or experience situations." R. at 277. In January 1991, the appellant was advised by the RO that VA would not be able to furnish additional employment assistance because his career goal was not "reasonably feasible." R. at 283.

The appellant filed a Notice of Disagreement (NOD) in February 1991. R. at 285. A Statement of the Case was issued. R. at 288. An appeal was filed with the BVA. R. at 293. The appellant testified at a BVA hearing in February 1992 where he objected to his psychological testing being done by an intern and not a professor or a "doctor." R. at 299. He also disagreed with the report's conclusions. R. at 301. The appellant stated that VA was not living up to its "legally prescribed responsibilities." R. at 317.

On December 2, 1992, the BVA denied entitlement to additional VR training for the purpose of pursuing the vocational goal of marketing or advertising in the entertainment field because the goal was not shown to be "reasonably feasible" given the appellant's personality traits. R. at 27–28. The Board concluded that VA was not obligated to "take any further steps to attempt to find [the appellant] employment, where his employment in the entertainment field at the executive level, in which he is interested, is shown to be infeasible" and that the appellant had "adamantly refused to consider employment in any [other] field." *Id.* at 27–28. The appellant appealed the decision to this Court.

On April 12, 1994, the Court ordered additional briefings on vocational rehabilitation and the VR "feasibility requirement" under chapter 31 and the Secretary's regulations. A second briefing order was issued on November 16, 1995. The Secretary has filed responses to both briefing orders.

## II. ANALYSIS

### A. Statutory Background and Standard of Review

Basic entitlement for VR benefits is provided in 38 U.S.C. § 3102 and 38 C.F.R. § 21.40 (1995). The statute in effect when the appellant filed his VR claim in June 1979 provided as follows:

Every veteran who is in need of vocational rehabilitation on account of a service-connected disability which is, or but for the receipt or retirement pay would· be, compensable under chapter 11 of this title shall be furnished such vocational rehabilitation as may be prescribed by the Administrator, if such disability arose out of service during World War II or thereafter.

38 U.S.C. § 1502(a)(1979)(this section was later amended and redesignated as § 3102). A November 1990 amendment added a requirement that the service-connected disability be compensable at a rate of 20% or more in order to qualify for VR training and services under chapter 31. Pub.L. No. 101–508, § 8021(a), 104 Stat. 1388, 1388–347 (Nov. 5, 1990); see Davenport v. Brown, 7 Vet.App. 476, 480 (1995). This additional requirement applied only to those veterans who "originally appl[ied] for assistance under chapter 31 of title 38 . . . on or after November 1, 1990." Pub.L. No. 101–508, § 8021(b), 104 Stat. 1388, 1388–347 (found at 38 U.S.C. § 1502 note). Because the appellant filed his claim for VR in June 1979, i.e., before November 1, 1990, his appeal is not subject to the 20% or more rating requirement.

The period of eligibility for a veteran's participation in the VR program is 12 years beginning from the date of discharge from military service or upon the granting of a compensable rating for a service-connected disability (unless the veteran is prevented from participating in the program as provided in 38 U.S.C. § 3103(b)(1) and (2)). See 38 U.S.C. § 3103(a),(b)(3); 38 C.F.R. §§ 21.40, 21.41, 21.42(a) (1995). Within that 12–year period, the maximum period in which a veteran can receive VR benefits is 48 months. See 38 U.S.C. § 3105(b); 38 C.F.R. § 21.70 (1995). An additional period of 18 months may be granted to the veteran for VR employment placement services and counseling.

See 38 U.S.C. §§ 3104(a)(5), 3105(b); 38 C.F.R. §§ 21.47(d), 21.73, 21.78(b)(5) (1995).

Under chapter 31, the Secretary is given broad authority to make awards and determine the scope of services and assistance. See, e.g., 38 U.S.C. § 3104 (Secretary may determine scope of services and assistance); 38 U.S.C. § 3105(b) (Secretary may extend period of time for placement and postplacement services). Because of the high degree of discretion afforded the Secretary, the Court may set aside those determinations only if they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A); see Foster v. Derwinski, 1 Vet.App. 393, 393–94 (1991); Smith (Barbara) v. Derwinski, 1 Vet.App. 267, 278–80 (1991).

In this appeal, the appellant makes two claims: (1) that he is entitled to receive an additional period of VR training benefits to enable him to pursue a degree program in graphic arts; and (2) that VA failed to give him the full period of employment services and assistance prescribed by statute. Appellant's Brief (Br.) at 4, 13, 16. In his appeal to the BVA, the appellant did not make the claim for additional VR training benefits. R. at 285. Because the appellant has not filed an NOD as to an RO decision denying entitlement to additional VR training benefits, the Court has no jurisdiction to address this issue. See Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); 38 U.S.C. § 7105. The Court notes that the appellant did raise the issue in July 1989 when he specifically sought "options" for "furthering [his] education" (R. at 181) and in September 1990 when he submitted a statement that he "need[ed] more training" (R. at 264–65); and that claim does not appear, on the record before the Court, to have been acted upon by the RO and thus remains pending there. See Hanson v. Brown, 9 Vet.App. 29, 31–32 (1996) (unadjudicated claim normally remains open and pending unless withdrawn); Meeks v. Brown, 5 Vet. App. 284, 287 (1993) (claim before RO remains pending until final decision rendered);

*see also Tablazon v. Brown,* 8 Vet.App. 359, 361 (1995). Consequently, this opinion will address only whether the BVA's decision to terminate employment services and assistance to the appellant was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

### B. *Evaluation of the Appellant's Claim*

#### 1. Well–Grounded Claim for Additional VR Employment Assistance Benefits

 A well-grounded claim is a plausible claim, one which is "meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [38 U.S.C. § 5107]." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). Based upon the record, the Court finds that the appellant has presented sufficient evidence to establish a well-grounded claim.

The record shows that VA granted the appellant entitlement to employment services and assistance effective in October 1989. R. at 189, 197–98; *see* 38 U.S.C. § 3104(a)(5); 38 C.F.R. § 21.47 and § 21.73. Although there is no statement in the record to explain why VA granted the 18 months of employment services (ES), the record does contain a rehabilitation plan that lists the following as the appellant's program goal: "To acquire and sustain employment as a Public Relations Rep." R. at 200–01. Under 38 C.F.R. § 21.194(b) (1995), a rehabilitation plan provides one basis for assigning ES status. *See* 38 C.F.R. § 21.84. he 18–month period was to end in April 1991.

On October 16, 1989, VA sent the appellant a letter informing him that his 12–year eligibility period had expired and that he no longer qualified for other VR assistance. R. at 191. This notification was erroneous because the actual eligibility termination date for all VR benefits for the appellant was June 1991. (The appellant had been awarded a compensable rating for residuals of a gunshot wound in June 1979 (*see* 38 U.S.C. § 3103(b)(3); 38 C.F.R. § 21.42(a)), so his eligibility expired 12 years after that date— in June 1991). A week later, the appellant was notified that he had been granted ES status, thus making him eligible to receive

employment assistance. R. at 197–98. The fact that the appellant was still eligible to receive the benefits at the time VA terminated ES for him (August 1990 (R. at 256–57)) makes his claim for additional services "plausible," and therefore his claim meets the standard for a well-grounded claim.

#### 2. Entitlement to Employment Services and Assistance

 The Secretary argues that the BVA decision to deny additional VR benefits was not arbitrary and capricious or an abuse of discretion because the appellant's vocational goals were infeasible. Secretary's Br. at 27, 33. As the Court noted earlier, the Secretary has broad discretion to extend and terminate the eligibility periods for employment services. Under the regulations, once an appellant is granted ES status, employment services are available until:

(1) He or she is determined to be rehabilitated under the provisions of § 21.283; or

(2) He or she is:

(i) Employed for at least 60 days in employment that does not meet the criteria for rehabilitation contained in § 21.283, if the veteran intends to maintain this employment and declines further assistance; and

(ii) Adjusted to the duties and responsibilities of the job.

(3) Either the veteran or VA interrupts the employment services program;

(4) Either the veteran or VA discontinues the employment services program;

(5) He or she reaches the end of the period for which employment services have been authorized and there is no basis for extension; or

(6) Service-connection for the veteran's service-connected disability is severed or he or she otherwise ceases to be eligible.

38 C.F.R. § 21.194(d)(1)-(6). The language of subparagraphs (3) and (4) of section 21.194(d) give *both* the veteran *and* the Secretary the broad discretion to terminate ES. Although VA erred by sending a notice that the appellant's 12–year delimiting period had

expired, VA still had broad authority to terminate his ES under section 21.194.

■ Section 21.194 gives the Secretary authority to terminate VR benefits. Both VA and the Board offered grounds for the termination. *See* Secretary's Br. at 33–36. Where grounds are given, whether required or not, they cannot be arbitrary. *See Foster* and *Smith,* both *supra; cf. Vitarelli v. Seaton,* 359 U.S. 535, 539, 79 S.Ct. 968, 972–73, 3 L.Ed.2d 1012 (1959); *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267–68, 74 S.Ct. 499, 503–04, 98 L.Ed. 681 (1954). Based upon the appellant's history of difficulties in the program, VA terminated participation because the appellant's goal was not "reasonably feasible." R. at 283; 38 C.F.R. § 21.74(a). A vocational goal is reasonably feasible when the following conditions are met:

> (1) Vocational goal(s) has (have) been identified;

> (2) The veteran's physical and mental conditions permit training for the goal(s) to begin within a reasonable period; and

> (3) The veteran:

> (i) Possesses the necessary educational skills and background to pursue the vocational goal; or

> (ii) Will be provided services by the Department of Veterans Affairs to develop such necessary educational skills as part of the program.

38 C.F.R § 21.53(d)(1995). In this case, VA decided that the appellant's education and skills were not sufficiently well developed to achieve success in his field. R. at 283.

After examining the record, the BVA affirmed the RO's basis for termination. The BVA found that the appellant's vocational goals were unrealistic and that the appellant's poor interpersonal skills made employment in his field of interest (the music industry) infeasible. R. at 24–28. The Board noted that the appellant's disagreeable personality traits and poor writing skills made it unlikely that he would ever be given serious consideration for a job in the entertainment industry. R. at 25–27. The numerous examples of the appellant's uncooperative behavior, poor attitude, and the level of his skills

support the BVA's finding that the appellant's vocational goal was not reasonably feasible under the statute and applicable regulations. R. at 159, 163, 165, 233, 256; *see* 38 C.F.R. § 21.362–64 (1995). Although the Board did not comment on the appellant's February 1992 testimony (R. at 311–12), the Court, nevertheless, cannot conclude, based on the record, that the Board's decision to deny additional ES was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 38 U.S.C. § 7261(a)(3)(A). *See Foster,* 1 Vet.App. at 394.

### III. CONCLUSION

For the reasons stated, the Court AFFIRMS the December 2, 1992, BVA decision to deny the appellant additional employment services and assistance under the chapter 31 VR statute and regulations prescribed thereunder.

STEINBERG, Judge, concurring.

Although I concur in the opinion of the Court, I write separately on one point. In light of the basis for the Court's disposition of this appeal, the issue whether the additional period of 18 months provided for in 38 U.S.C. § 3105(b) is subject to the 12–year delimiting period set forth in 38 U.S.C. § 3103 need not be addressed. I note, however, that in the Secretary's February 26, 1996, response to the Court's November 1995 order the Secretary takes the position that 38 C.F.R. § 21.47(d) ("periods during which employment assistance may be provided are not subject to limitations on periods of eligibility for vocational rehabilitation", that is, the 12–year delimiting period set forth in 38 U.S.C. § 3103) is invalid as contrary to 38 U.S.C. § 3103. In any event, it appears from the record (although the Board did not make a specific such finding) that the veteran had exhausted his entitlement to chapter 31 employment services (ES) benefits after having received the 18 months of ES. *See* 38 C.F.R. § 21.194(d)(5) (1995); R. at 172 (ES from October 1995 through June 1986); R. at 197–

259 (ES from October 1989 through August 1990).