# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2131

Leland E. Gibson, Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    December 21, 2007   )

*Michael J. Mooney*, of Cincinnati, Ohio, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Gayle E. Strommen*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and LANCE and SCHOELEN, *Judges*.

SCHOELEN, *Judge*, filed the opinion of the Court.  LANCE, *Judge*, filed a concurring opinion.

SCHOELEN, *Judge*: The appellant, Leland E. Gibson, through counsel, appeals a February 22, 2005, Board of Veterans' Appeals (Board or BVA) decision in which the Board assigned an effective date of August 16, 2000, but not before, for an award of total disability due to individual unemployability (TDIU).  Record (R.) at 1-7.  The Board determined that, because the appellant had not properly perfected an appeal of an earlier denial of entitlement to TDIU, the earliest effective date for the award of TDIU was properly based on the appellant's later claim received on August 16, 2001.  R. at 6.  For the following reasons, the Court will affirm the Board's decision.

# I. BACKGROUND

The appellant served honorably in the U.S. Army from 1942 to 1945. R. at 11. In September 1988, the appellant filed a claim for an increased disability rating for his service-connected incomplete paralysis of the left popliteal nerve and for dyskinesia of the left thigh (R. at 13); during development of that claim, the appellant claimed entitlement to TDIU. R. at 17. On June 22, 2000, a VA regional office (RO) denied the appellant entitlement to TDIU. R. at 64-70.

In response to the June 2000 decision, the appellant submitted to the RO a VA Form 9 (Substantive Appeal form) dated July 26, 2000, upon which he wrote, "See attached sheets." R. at 72. He also checked boxes on the form indicating that he did not seek a Board hearing, and that he wanted to appeal all issues listed on the statement of the case (SOC), although VA had not yet issued one to him. *Id*. One of the attached sheets was a "Statement in Support of Claim," also dated July 26, 2000, in which he detailed his objections to the June 2000 RO decision denying TDIU; he continued those objections on a second attached page. R. at 73-74. His statement in support of claim form indicates that he had enclosed a statement from a doctor to be considered as additional evidence. R. at 74. The Form 9 and other documents were received on August 8, 2000, and subsequently accepted collectively as a Notice of Disagreement (NOD). R. at 72, 74. Although the appellant submitted the Substantive Appeal form without VA's having issued an SOC, the RO did not return the form to the appellant or otherwise indicate that his submission of the form was premature.

Instead, the RO replied to the appellant's NOD by issuing an SOC on December 6, 2000. R. at 76-93. The cover letter for the SOC advised the appellant that, if he wished to continue his appeal, he would need to file a formal appeal, which he could do "by completing and filing the enclosed VA Form 9, Appeal to Board of Veterans' Appeals." R. at 76. The letter further advised the appellant to "*read the instructions that come with the VA Form 9 very carefully*. They tell you what you need to do, and how much time you have to do it, if you want to continue your appeal." R. at 76 (emphasis in original).

On August 16, 2001, the RO received a VA Substantive Appeal form, on which the appellant contended that he met the regulatory criteria for the assignment of TDIU. R. at 95. On August 21, 2001, the RO informed the appellant that he had not submitted a Substantive Appeal within one year after the June 22, 2000, RO decision. R. at 98. The RO then stated that it would take no further

2

action on the appellant's appeal because the August 16, 2001, Form 9 was not timely received. *Id.* The RO also advised the appellant that he had one year to appeal its determination that his appeal was untimely. *Id.* In September 2001, the appellant submitted correspondence that the RO treated as a new claim for entitlement to TDIU (*see* R. at 109), and on May 20, 2002, the RO awarded TDIU with an effective date of August 16, 2001, the date that the RO received the appellant's untimely Substantive Appeal on his initial TDIU claim.

On July 10, 2002, the RO received the appellant's NOD regarding the RO's assignment of August 16, 2001, as the effective date of his TDIU award. R. at 113. The RO provided the appellant with an SOC (R. at 114-34), and on September 16, 2002, the appellant filed another Substantive Appeal as to the effective date of his award. On October 10, 2002, the appellant, through his representative, asserted that he should be entitled to an earlier effective date because he had continuously prosecuted his original TDIU claim. R. at 139-40. Before the Board, he argued that in August 2001, the RO had received his simultaneously filed NOD and VA Form 9 to certify his appeal of the June 2000 RO decision. R. at 144. He also contended that he believed "in good faith" that "the filing of the VA form 9 . . . certified the appeal." R. at 145.

After a Board remand for compliance with the provisions of 38 U.S.C. § 5103(a), the matter was returned to the Board. In its February 2005 decision, the Board awarded an effective date of August 16, 2000, but not before, for TDIU. R. at 1-7. The Board explained that in August 2000, the RO had received only an NOD as to the RO's June 2000 denial of TDIU, and that the appellant's August 2001 Substantive Appeal was untimely. Therefore, the Board found that the RO had considered the August 16, 2001, VA Form 9 to be a new TDIU claim. R. at 5. The Board found that the May 2000 RO decision had become final because the appellant "did not complete an appeal within one year of notice of that decision." R. at 6. Accordingly, the Board concluded that the earliest effective date that could be assigned was August 16, 2000 – one year before the August 2001 receipt of the claim, "depending on demonstration of when he became unemployable." R. at 6 (citing 38 C.F.R. § 3.400(o)(2) (2007)). The Board then found that the appellant met the schedular criteria for TDIU as of August 16, 2000, and thus assigned that date as the effective date. R. at 6. This appeal followed.

## II. CONTENTIONS OF THE PARTIES

3

On appeal, the appellant presents one argument for the Court's review.[1] He submits that he filed two documents in August 2000; in his view, the Form 9 submitted in August 2000 was "timely, although premature" (Appellant's Brief (Br.) at 4 (citing R. at 72)), and the other document he filed was a "detailed Notice of Disagreement describing both the rationale and evidence supporting his belief that he was entitled to TDIU benefits from 1988 forward" (Appellant's Br. at 4 (citing R. at 73-74)). He argues that "VA has never addressed whether [the Form 9] was sufficient to confer jurisdiction on the Board." Appellant's Br. at 5. Relying on a concurring opinion in *Wachter v. Brown*, 7 Vet.App. 396, 397 (1995) (Kramer, J., concurring), the appellant maintains that *Wachter* stands for the proposition that an unreturned Notice of Appeal to this Court is timely even if premature. Appellant's Br. at 5. He states that the RO "never returned the veteran's Form 9 . . . . [But i]nstead it simply issued a[n] SOC with the standard boiler-plate language advising that the filing of a Form 9 is necessary to perfect an appeal." *Id.* He contends that, having already filed a Form 9 (R. at 72), "he considered it unnecessary to file the same document twice" (Appellant's Br. at 5).

The Secretary responds that "the RO accepted the 'prematurely filed' Substantive Appeal as Appellant's NOD to the May 2000 rating action" (Secretary's Br. at 6), and that the appellant's August 2000 filing is, in effect, one document. *Id.* The Secretary acknowledges that VA did not return the appellant's Form 9, but explains that the Form 9 was accepted as part of the appellant's NOD. Secretary's Br. at 7. The Secretary also argues that, if the appellant thought it was unnecessary to file another Form 9, the appellant would not have done so in August 2001. Secretary's Br. at 7. The Secretary asserts that the appellant's filings were simply not timely under 38 C.F.R. § 20.302(b) (2005), which sets forth the deadlines for filing the NOD and Substantive Appeal. Secretary's Br. at 7-8.

## III. ANALYSIS

---

[1] The appellant initially made a second argument, based on the provisions of 38 U.S.C. § 5103(a), but withdrew it in his reply brief. *See* Reply Brief at 1.

## A. Jurisdiction

First, the Court must determine whether it has jurisdiction to entertain this appeal. The Court's jurisdiction is over final Board decisions. *See* 38 U.S.C. § 7252; *see also Ingram v. Nicholson*, 21 Vet.App. 232, 239 (2007); *Jarrell v. Nicholson*, 20 Vet.App. 326, 330-32 (2006) (en banc). Finality of prior valid RO or Board decisions is a factual issue that may be considered, if relevant, in subsequent claim adjudication. *Ingram*, 21 Vet.App. at 243; *DiCarlo v. Nicholson*, 20 Vet.App. 52, 56-57 (2006) (discussing finality and holding that "an attack on a final decision must be raised through a valid procedure"). Once there is a permissible final determination on an issue, "the matter [has] ended, and no further review is afforded." *Id*. at 55 (citing *Leonard v. Nicholson*, 405 F.3d 1333, 1337 (Fed. Cir. 2005); *Bissonnette v. Principi*, 18 Vet.App. 105 (2004)).

In this case, the Board determined that the appeal stemmed from the August 16, 2001, filing of a VA Form 9. R. at 5; *see also* R. at 95. The Board's determination that the VA Form 9 filed on that date constituted the initiation of a new claim followed its conclusion that the appellant "did not complete an appeal" of the June 2000 RO decision. R. at 6. The Board noted that the RO "informed the veteran that his August 2001 Substantive Appeal was untimely," but that "[t]he veteran did not indicate that he wished to appeal the timeliness decision." R. at 5.

The Board's determination that the appellant "did not complete an appeal" of the June 2000 RO decision is a permissible evaluation for the purpose of determining the appropriate effective date of the TDIU award. Thus, because the Board decision here on appeal addresses a question as to the timeliness of the appellant's response to the December 6, 2000, SOC, the Court has jurisdiction to hear the merits of the appellant's argument.

## B. Validity of a Premature Substantive Appeal

The appellant submits that he filed two separate documents in August 2000 – an NOD and a VA Form 9. Appellant's Br. at 4. He maintains that this filing was a timely Substantive Appeal of the June 2000 RO decision, and thus, the Board erred by concluding that his initial claim had become final. In order to address his argument, the Court must first determine whether, in fact, the appellant filed two separate documents rather than, as determined by the RO and the Board, one single document constituting an NOD.

The Court reviews de novo whether a document constitutes an NOD, *Palmer v. Nicholson*, 21 Vet.App. 434, 436 (2007) (citing *Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003)). An NOD need not be filed on any particular form, and may even be filed on a Substantive Appeal form, so long as it meets the content requirements for an NOD. *See Archbold v. Brown*, 9 Vet.App. 124, 131 (1996) (citing *Malgapo v. Derwinski*, 1 Vet.App. 397, 398-99 (1991) (holding, in portion not overruled by *Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993) (en banc), that a Substantive Appeal form can function as NOD as to claim if there is no other NOD as to that claim)); *Zevalkink v. Brown*, 6 Vet.App. 483, 489 (1994) (en banc) (same).

In *Archbold*, the Court found, on de novo review, that a letter submitted by a claimant on a VA Form 9 constituted a valid NOD. 9 Vet.App. at 131. The Court then found that a different document, presented by the claimant at a hearing before the Board several months after the NOD letter was received, constituted a valid Substantive Appeal because it "contained the necessary information required for a 1-9 Appeal by [38 C.F.R.] § 20.202 [(1995)]." *Archbold*, 9 Vet.App. at 132. The Court determined that the claimant's submission at the Board hearing was a valid Substantive Appeal even though no SOC had been issued, in part because the Substantive Appeal was received within the one-year period following issuance of the rating decision to be appealed. *Id.* Without explicitly stating that it reviewed the sufficiency of the putative Substantive Appeal de novo, the Court quoted a portion of the document, discussed additional assertions made in it, and concluded that "[t]his written statement presented to and accepted by the Board specifically identified the issue appealed; contained specific arguments as to the errors made by the RO" and thus was sufficient to serve as a Substantive Appeal. *Id.* Guided by the character of the analysis in *Archbold*, the Court concludes that de novo review of whether a document constitutes a Substantive Appeal is appropriate.

On August 8, 2000, the RO received correspondence from the appellant that included a VA Form 9 upon which he had checked boxes indicating that he did not seek a Board hearing and that he wanted to appeal all of the issues listed on the SOC that VA had sent him (at that time, however, VA had not yet prepared an SOC because his claim was not in appellate status). R. at 72. The appellant also stated that the RO should "[s]ee attached sheets" for his explanation of why VA had decided his case incorrectly. R. at 72. The "attached sheets" consisted of a VA statement in support of claim form and another page upon which the appellant explained the nature of his employment,

6

asserted that VA failed to consider relevant evidence, and stated that he was submitting as additional evidence a statement from a physician. R. at 73-74.

Although the appellant did use a Substantive Appeal form, his note on the form to "see attached sheets" indicates that the form did not stand alone. Similarly, the tenor of the appellant's arguments on the attached sheets is consistent with the regulatory description of correspondence that constitutes an NOD. *See* 38 C.F.R. § 20.201 (2007) ("A written communication from a claimant . . . expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result will constitute a[n NOD]."). Thus, it was reasonable and appropriate for the RO to construe the appellant's submission collectively as an NOD, which the RO unquestionably did. On December 6, 2000, the RO sent the appellant an SOC, the cover letter for which stated that the SOC was VA's "response to your recent 'Notice of Disagreement' with [VA's] decision" (R. at 76), and the SOC itself states that VA received a "Notice of Disagreement" on August 8, 2000. R. at 77. None of the documents generated by the RO contained information indicating to the appellant that the RO had received or accepted a Substantive Appeal from him.

Furthermore, the appellant now argues that "since [he] already had filed a Form 9 with respect to the rating decision denying TDIU, he considered it unnecessary to file the same document twice." Appellant's Br. at 5. However, the fact remains that, on August 16, 2001, he did file a second Form 9 (R. at 95), which the RO and Board concluded was an untimely appeal of the June 2000 RO decision. His eventual filing of a second Form 9 suggests that he viewed that filing as necessary, after all. Most significantly, the act of filing a second Form 9 suggests that he did not intend the August 2000 Form 9 to serve as the Substantive Appeal to the Board.

As to the appellant's argument that VA "never returned the veteran's Form 9 to him or advised him that it considered it to be insufficient to appeal the denial of his 1988 TDIU claim," he cites no authority imposing such a requirement on the RO. Appellant's Br. at 5; *see* Appellant's Br. at 1-7. Even if the Court were to presume that the RO did have such a duty or requirement upon receiving premature filings, the appellant's filing was one document – an NOD. Moreover, as discussed above, the RO explicitly communicated to the appellant that it had treated the filing as an NOD. Thus, the RO would be under no obligation to return his document. Furthermore, unlike *Wachter*, where this Court, rather than advising the appellant why the NOA was ineffective, retained

7

a premature NOA until the underlying Board decision became final, this case involves an RO that instructed the appellant to file a Substantive Appeal. *See* R. at 76 (SOC cover letter advising the appellant that "[i]f you do decide to continue your appeal, you will need to file a formal appeal. You can do that by completing and filing the enclosed VA Form 9"). This notice from the RO therefore implicitly informed the appellant that VA did not consider his August 2000 Substantive Appeal form as having perfected the appeal.

The Court notes that the law governing VA's appellate procedure states that "[a]ppellate review [of an initial rating decision] will be *initiated* by a notice of disagreement and *completed* by a Substantive Appeal *after* a statement of the case is furnished as prescribed in this section." 38 U.S.C. § 7105(a) (emphasis added). Thus, the statute envisions issuance of an SOC as a prerequisite for filing a VA Form 9 or completion of the appeal. This is so because, once an NOD is received, the Agency "will take such development or review action as it deems proper," which may "resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement." 38 U.S.C. § 7105(d)(1). This statutory language gives VA an opportunity to respond to an NOD by reconsidering its initial decision and possibly granting the benefits that the claimant seeks, thus terminating the need for further appellate review. If, however, upon reviewing the initial decision in light of the contentions in a claimant's NOD, VA determines that the initial decision is correct, furnishing an SOC allows the claimant, in the Substantive Appeal, to make "specific allegations of error of fact or law . . . related to specific items in the statement of the case." 38 U.S.C. § 7105(d)(3). Even if the Court were to consider the appellant's August 2000 Substantive Appeal form as a document separate from the attached sheets, the Court observes that it lacks the specificity that section 7105(d)(3), as reinforced through regulation, requests. *See* 38 C.F.R. § 20.202 (2007) ("The Substantive Appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or determinations, being appealed."). Unlike the Substantive Appeal in *Archbold*, this appellant's Substantive Appeal form lacks specificity, and the form was submitted at the same time as the filing treated as an NOD. To be clear, the Court does not now hold that issuance of an SOC is categorically a prerequisite to the submission of a valid Substantive Appeal. Rather, the Court, evaluating the content and circumstances of Mr. Gibson's submission, concludes that it cannot be determined to be two separate

8

documents, independently sufficient in their own right to constitute an NOD and a Substantive Appeal.

Although the appellant relies on *Wachter, supra,* and *March v. Brown*, 7 Vet.App. 163 (1994), as support for his argument that a prematurely filed Substantive Appeal is timely, those cases deal with processes substantially different from the process at issue here. *Wachter* deals with whether the *Court* may accept an NOA as to a nonfinal Board decision, and *March* addresses the process for filing an application for an award of *attorney fees* under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Neither case, nor both taken together, provides persuasive support for the appellant's argument.

In sum, reviewing the appellant's filings and arguments, the Court holds that the appellant's August 1, 2000, filing of a VA Form 9 and "attached sheets" constituted only an NOD as to the June 2000 RO decision. Therefore, the Board did not err in concluding that, after the appellant received an SOC in December 2000, the appellant's claim had become final because he failed to file a timely Substantive Appeal. Accordingly, considering the record on appeal, the Board's further factual determination that the appellant was unemployable as a consequence of his service-connected disabilities as of August 16, 2000, was in accordance with applicable law and regulation, and thus is not clearly erroneous. *See* 38 U.S.C. § 5110(a) ("[E]ffective date of an award based on . . . a claim for increase, of compensation, . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."), (b)(2) (effective date of increased rating may date back as much as one year before date of application if it is "factually ascertainable that an increase in disability had occurred" within that timeframe); *Hanson v. Brown*, 9 Vet.App. 29, 32 (1996); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990); 38 C.F.R. § 3.400(o)(2); *see also Harper v. Brown*, 10 Vet.App. 125, 126 (1997) (stating that § 3.400(o)(2) applies to a claim where increase in disability precedes the claim, providing that the claim is received within one year after increase, otherwise the general rule in § 3.400(o)(1) applies to the claim).

Our concurring colleague would have the Court address a variety of matters that were not argued or briefed by the parties. However, the Court concludes that their resolution is not necessary for proper disposition of this appeal, and expresses no view as to how they should be addressed in future cases.

## IV. CONCLUSION

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Board's February 22, 2005, decision is AFFIRMED.


LANCE, *Judge*, concurring: The questions presented on appeal are whether the appellant filed a premature Substantive Appeal in August 2000 and, if so, whether that filing perfected his appeal from the RO's June 2000 decision. The majority correctly answers both of these questions in the negative, but I believe their analysis is incomplete. Specifically, the majority never explains why the RO's August 21, 2001, decision does not dispose of both of the questions raised on appeal.

"Except as provided by law, when a[n] . . . issue has been decided and an appeal has not been taken within the time prescribed by law, the case is closed, the matter is ended, and no further review is afforded." *DiCarlo v. Nicholson*, 20 Vet.App. 52, 55 (2006) (citing *Leonard v. Nicholson*, 405 F.3d 1333, 1337 (Fed. Cir. 2005)). In this case, the RO, in an August 21, 2001, decision that was not appealed, terminated the appellant's initial appeal because his Substantive Appeal had not been timely filed. R. at 98; *see* 38 U.S.C. § 5104(a). The law presumes that the RO considered all the evidence then of record in making that decision, including the appellant's August 2000 filings. *See Gonzales v. West*, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) ("hold[ing] that absent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO's determination . . . must be presumed to have been reviewed by the Department of Veterans Affairs"). Moreover, once that decision became final, the law presumes that the RO correctly found that the appellant did not file a timely Substantive Appeal "in the absence of clear and unmistakable error [(CUE)]." 38 C.F.R. § 3.105(a) (2006). In other words, "the appellant [wa]s [thereafter] collaterally estopped from *relitigating the same issue based upon the same evidence*," *Hazan v. Gober*, 10 Vet.App. 511, 520 (1997) (emphasis added), unless he filed a motion to revise the RO's August 2001 decision on the basis of CUE. *Cook v. Principi*, 318 F.3d 1334, 1337 (Fed. Cir. 2002).

The majority does not dispute any of the foregoing statements or explain why the RO's August 2001 decision has not already answered the merits of the questions presented here. Instead, the majority simply examines the Board's de novo adjudication of the timeliness of the

appellant's initial Substantive Appeal. However, that aspect of the Board's decision appears to be unlawful, i.e., in the absence of a CUE motion "the Board was collaterally estopped from viewing [the] . . . evidence any differently" than the RO had in its August 2001 decision. *Hazan*, 10 Vet.App. at 521. Indeed, the only issues the Board could consider are the validity and finality of the RO's August 2001 decision. I write separately to address the former issue, the validity of the RO's August 2001 decision.

The three-step process for perfecting an appeal "is designed to afford both the claimant and the Government every opportunity to resolve a disagreement . . . before resorting to a . . . Board adjudication." *Prickett v. Nicholson*, 20 Vet.App. 370, 377 (2007); *see* 38 U.S.C. § 7105. The first step, the filing of the NOD, notifies "VA . . . of the claimant's *intent* to appeal to the B[oard]." *Tomlin v. Brown*, 5 Vet.App. 355, 357 (1993) (emphasis added); *see* 38 U.S.C. § 7105(b)(1); 38 C.F.R. §§ 20.201, 20.300, 20.302(a) (2007); *see also* H.R. REP. NO. 100-963, at 14-15 (1988) (explaining the Veterans' Judicial Review Act, Pub. L. 100-687, 102 Stat. 4105 (1988)). The second step, the issuance of the SOC, certifies that the RO cannot resolve the claimant's disagreement after further development and review; it also provides the claimant with further information about the RO's final decision on the merits of his or her claim. 38 U.S.C. § 7105(d)(1). The third step, the filing of the Substantive Appeal, actualizes the claimant's intent to appeal and presents the Board with notice of the errors complained of during the adjudication of the claim. *See* 38 U.S.C. § 7105(d)(3); *Roy v. Brown*, 5 Vet.App. 554, 555 (1993); 38 C.F.R. §§ 20.202, 20.302(b) (2007). As previously noted, this appeal only concerns the appellant's compliance with the last of these requirements.

The Substantive Appeal statute provides that "questions as to timeliness or adequacy . . . *shall* be determined by the Board of Veterans' Appeals." 38 U.S.C. § 7105(d)(3) (emphasis added). Nonetheless, the Secretary has promulgated regulations that ostensibly vest the RO with authority to decide those issues in the first instance. *See* 38 C.F.R. §19.34 (2006) ("Whether a . . . Substantive Appeal has been filed on time is an appealable issue. If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to the timely filing of the . . . Substantive Appeal, the claimant will be furnished a Statement of the Case."); *see also* 38 C.F.R. § 20.101(c) (2006) (providing that "[a]ll claimants have the right to appeal a determination made by the agency of original jurisdiction that the

11

Board does not have jurisdictional authority to review a particular case"). That is precisely what the RO did, in August 2001, when it terminated the appellant's initial appeal for failure to timely file his Substantive Appeal. R. at 98. In my opinion, that decision–and the regulations that authorized its issuance–are ultra vires and invalid.

The statute provides that the adequacy or timeliness of a Substantive Appeal "*shall* be determined by the Board." 38 U.S.C. § 7105(d)(3) (emphasis added). I see no reason to reject the plain meaning of those words by adopting the Secretary's contrary regulatory interpretation. *See Lexecon Inc. v. Millberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (An "instruction [that] comes in terms of the mandatory 'shall' . . . normally creates an obligation impervious to . . . discretion." (citing *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947))); *Johnson v. Brown,* 9 Vet.App. 369, 371 (1996) (When "the plain meaning of a statute is discernible, that 'plain meaning must be given effect.'" (quoting *Tallman v. Brown,* 7 Vet.App. 453, 460 (1995))); *Smith v. Derwinski,* 2 Vet.App. 429, 431 (1992) (If "a reviewing court 'find[s] the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.'"(quoting *Dermarest v. Manspeaker*, 498 U.S. 184 (1991))). First, the validity of a Substantive Appeal is a procedural matter that only affects the Board's review of a claim; hence, it is not among the "questions of law and fact necessary to a decision" by the RO. *See* 38 U.S.C. § 511(a). Second, as this case demonstrates, complicated res judicata and finality issues arise when the RO decides these issues, the resolution of which requires an additional, and wholly unnecessary, spur of litigation over procedural matters unrelated to the merits of a claim. *See DiCarlo*, 20 Vet.App. at 55 (stating that "[t]he concept of res judicata requires that there be only one valid decision on any adjudicated issue"); *id.* at 57 (noting that "[t]here is nothing in title 38 that creates a procedure for making a freestanding challenge to the finality of a prior decision"). Third, an RO decision on the validity of a Substantive Appeal has no real legal effect, i.e., it does not alter the RO's prior decision on the merits of the claim or the Board's ability to review that claim on appeal. *See Barnett v. Brown*, 83 F.3d 1380, 1384 ("Section 7104[, of title 38, U.S. Code,] does not vary the Board's jurisdiction according to how the regional office ruled."). Indeed, if the Substantive Appeal is–as the Secretary's regulations also state–a filing that affects the Board's jurisdiction, the RO could never determine its adequacy or timeliness. *See* 38 C.F.R. § 20.101(c)-(d) (2006); *see also Roy v. Brown*, 5 Vet.App. 554, 556-

12

57 (1993) (affirming the Board's dismissal of an appeal for failure to timely file a Substantive Appeal or request an extension of time for good cause); *but see Rowell v. Principi*, 4 Vet.App. 9, 17 (1993) (stating the "failure to file a timely [Substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the B[oard] of jurisdiction").[1]  Such a decision would be nothing more than an inferior tribunal's advisory opinion about the presence or absence of jurisdiction in a superior tribunal.  Finally, allowing the RO to decide, and requiring the claimant to appeal, the validity of a Substantive Appeal violates a longstanding principle of veterans law; namely, that "there is no need to file more than one NOD to obtain B[oard] review of the denial of a particular claim."  *Hamilton v. Brown*, 4 Vet.App. 528, 536 (1993); *but see* 38 C.F.R. §§ 19.33, 19.50-52 (authorizing certain VA officials to file an administrative appeal on a claimant's behalf if the RO determines there is a question as to the timeliness of a Substantive Appeal).

For these reasons, I believe that the foregoing regulations, and any RO decision issued pursuant thereto, are invalid.  I further believe that the statute sets forth the only proper procedure to be followed whenever a Substantive Appeal is submitted: The RO must send the case to the Board for a decision, whether on procedural grounds or on the merits.

---

[1] In my opinion, the majority should resolve the apparent conflict in our caselaw over the jurisdictional character of the Substantive Appeal requirement, particularly given the questions presented in this case.  If the Secretary's interpretation is correct and the timely filing of a Substantive Appeal is jurisdictional, then I believe a mandatory dismissal for noncompliance with that requirement is probably required.  *See Bowles v. Russell*, _ U.S. _, __, No. 06-5306, slip op. at 8 (June 14, 2007) ("As we have long held, when an 'appeal has not been prosecuted in the manner directed, within the time limited by acts of Congress, it must be dismissed for want of jurisdiction.'" (quoting *United States v. Curry*, 6 How. 106, 113 (1848))); *id.* at 9 (holding that "this Court has no authority to create equitable exceptions to jurisdictional requirements" and that, "[i]f [such] rigorous rules . . . are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits"); *but see* 38 U.S.C. § 7105(d)(2) (authorizing an extension of the time for filing a Substantive Appeal "for a reasonable period on request for good cause shown"); 38 C.F.R. § 20.303 (2006) (requiring that a request for extension of time be made in writing prior to the expiration of the time period for filing a Substantive Appeal).  However, if the Court's contrary interpretation is correct, then the untimely filing of a Substantive Appeal can be more easily excused.  *See e.g.*, *Hunt v. Nicholson*, 20 Vet.App. 519, 525 (2005).