KASOLD, Judge,
dissenting:
Anyone reading the first few paragraphs of the facts as found by the Board and laid out in the majority opinion is left with a clear understanding that (1) Mr. Ortiz timely inquired about his appeal to the Board, (2) the RO either never received his appeal or lost it, and informed Mr. Ortiz that he must file a VA Form 1-9, (3) a frustrated Mr. Ortiz replied to the RO that he had already filed an appeal form and he wanted his appeal processed and wanted benefits for his “nervous condition,” later characterized by the Secretary as bipolar disorder. It is also clear from the facts as found by the Board and laid out by the majority that Mr. Ortiz’s 1979 claim had been denied for one reason and *363 one reason only, i.e., because “the evidence submitted was deemed insufficient or inadequate to warrant a reopening of his claim,” i.e., failure to submit new and material evidence. Ante at 354; see also Gibson v. Peake, 22 Vet.App. 11, 15 (2007) (Court reviews Substantive Appeal de novo).
The RO’s direction that Mr. Ortiz had to submit his appeal on a VA Form 1-9 to reinstate his claim, R. at 181 (April 1980 letter from the RO advising Mr. Ortiz that “he must submit VA Form 1-9 to reactivate his appeal”) (emphasis added), was not and is not the law. See 38 C.F.R. § 19.116 (1980) (appealing to the Board may be executed with a VA Form 1-9 “or its equivalent in correspondence from a claimant or his representative following the furnishing of a Statement of the Case”); see also 38 C.F.R. § 20.202 (2009) (providing that an appeal consists of a VA Form 9 “or correspondence containing the necessary information”). While one might be critical of Mr. Ortiz for his apparent frustration, it is axiomatic that the RO could not force the filing of a VA Form 1-9 before processing the appeal. Moreover, the Court early on recognized that laches will not apply against a veteran. Browder v. Derwinski, 1 Vet.App. 204, 208 (1991) (concluding “that the VA benefits system as well as the Veterans’ Judicial Review Act both militate against the application of the doctrine [of laches] to cases before this Court” (citing Manio v. Derwinski, 1 Vet.App. 140 (1991))). Furthermore, it is the Board, not the RO, that has the authority to dismiss an appeal if the Substantive Appeal is inadequate. 38 U.S.C. § 4005(d)(5) (1980) (“The Board of Veterans’ Appeal ... may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.”), now codified as 38 U.S.C. § 7105(5).
Although the majority lay out the relevant facts at the outset of their opinion, their subsequent discussion and analysis regarding whether a Substantive Appeal had been filed inexplicably focuses only on Mr. Ortiz’s May 1980 letter to the Secretary. Ante at 358-60. Such a narrow focus is not the law. Whether or not a Substantive Appeal or the equivalent has been filed is determined by considering the totality of the circumstances, Gibson, 22 Vet.App. at 17 (“evaluating the content and circumstances” of the veteran’s submissions to determine whether they constitute an NOD and a Substantive Appeal); cf. Jarvis v. West, 12 Vet.App. 559, 561 (1999) (“In determining whether a written communication constitutes an NOD, on de novo review, the Court looks at both the actual wording of the communication and the context in which it was written.”), and providing a liberal and sympathetic reading of the pleadings, see Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed.Cir.2004) (stating that with respect to “all pro se pleadings, [the Board and the Secretary are required to] give a sympathetic reading to the veteran’s filings”) (citing Roberson v. Principi, 251 F.3d 1378 (Fed.Cir.2001)); Moore v. West, 13 Vet.App. 69, 74 (1999) (stating that “submissions of VA claimants are to be read liberally”); see also Acciola v. Peake, 22 Vet.App. 320 (2008) (Secretary conceding that even pleadings filed by a veteran’s representative are to be read sympathetically).
The result reached by the majority comes simply and plainly from their implicit holding that “should” means “must” in the controlling statute and regulation, and in the notice provided to Mr. Ortiz. 38 U.S.C. § 4005(d)(5) (“The appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case.” (emphasis added)); 38 C.F.R. § 19.116 (1980) (“The appeal should set out specific allega *364 tions of error of fact or law.” (emphasis added));[3] R. at 171 (October 1979 letter advising Mr. Ortiz that he “should set out” his arguments on the attached VA Form 1-9 (emphasis added)). In so holding, however, the majority fail to consider that statutes dealing with veterans benefits are to be liberally construed in favor of the veteran. See Brown v. Gardner, 513 U.S. 115, 120, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); see also Gomez v. Principi, 17 Vet.App. 369, 376 (2003) (Steinberg, J., concurring) (noting that it would be unreasonable to interpret “should” as meaning “must” when the next sentence of the statutory section uses the word “must”).
It might be possible to read “shall” as “should,” given the context of a complete statutory scheme, but it is wholly incongruous with a liberal construction favorable to the veteran to construe a nonman-datory “should” as a mandatory “must” when interpreting a statute dealing with filing requirements for an administrative appeal for a veteran seeking benefits, as is the case here.
The majority’s reliance on cases dealing with CUE for its holding that “should” means “must” is wholly inapposite. CUE deals with attacking an otherwise final decision, see Disabled Am. Veterans v. Gober, 234 F.3d 682, 696-98 (Fed.Cir.2000), and the CUE regulation uses the mandatory “must” as opposed to the nonmandatory “should” with regard to the need to set forth clear error of fact or law. 38 C.F.R. § 20.1404(b) (2009); see also Andre v. Principi, 301 F.3d 1354, 1361 (Fed.Cir.2002) (noting that “[ujnlike a claim for benefits, a CUE claim subsumes a specific allegation of error” and therefore the claimant must describe the alleged error with specificity).
Similarly, the majority’s reliance on Gibson, supra, to support its implicit holding that “should” means “must” ignores a key factual difference in the cases. In Gibson, the purported Substantive Appeal was filed before a SOC was issued. Without an SOC, it would be (and is) impossible to understand what issues in the SOC were (are) being disputed. Here, in stark contrast, Mr. Oritz’s letters were sent in shortly after he received the SOC that addressed only one issue — the failure, as determined by the RO, to submit new and material evidence — making it readily understandable what Mr. Ortiz was contesting.[4]
Although our caselaw supports de novo review of whether a pleading below constitutes a Substantive Appeal, I note that in 1980 the Board had, and continues to have, the discretion to dismiss an administrative appeal if a Substantive Appeal was untimely or inadequate. See 38 U.S.C. § 4005(d)(5) (1980) (“The Board of Veterans’ Appeals ... may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.” (emphasis added)) (now codified as 38 *365 U.S.C. § 7105(5)). The discretion vested in the Board certainly brings into question what our standard of review should be, see 38 U.S.C. § 7261(a)(3)(A) (conclusions of the Board are reviewed under the “arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law” standard of review); see also Foster v. Derwinski, 1 Vet.App. 393, 394 (1991) (review of the Secretary’s discretionary determinations is under the “arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law” standard), but even under the “arbitrary and capricious” standard of review, the Board’s decision that Mr. Ortiz’s filings under the circumstances of this case were insufficient to constitute a Substantive Appeal would be arbitrary and capricious because the issue on administrative review is readily discernable — i.e., the RO’s finding that Mr. Ortiz failed to submit new and material evidence. The majority’s conclusion to the contrary can be reached only by transforming permissive statutory and regulatory language into mandatory language requiring Mr. Ortiz to provide specific language in his appeal documents, without consideration of the totality of the circumstances under which the documents were filed. This reverses, without explanation, our previous caselaw, Gibson, supra, and gives new meaning to the duty to assist and a liberal and sympathetic reading of pleadings! See Szem-raj, Acciola, Moore, and Gibson, all supra.
Finally, the majority’s concern for the lack of infinite resources of the Secretary is commendable, but it misses the mark. No organization has infinite resources, yet adherence to the law nevertheless is required. Here, the law encourages a claimant to specify the issues on administrative appeal; it does not require it. Rather, a Substantive Appeal “should” provide such specificity, but if the totality of the circumstances and liberal reading permit an understanding of the issue on appeal, the statute is satisfied. Mr. Ortiz met that standard, and the Secretary erred in not processing his appeal. The failure to process his appeal kept Mr. Ortiz’s claim open until the Secretary finally addressed this issue and granted service connection, giving rise to the effective date issue now on appeal. See 38 U.S.C. § 4005(d)(5) (1980) (giving the Board, not the RO, the authority to dismiss an appeal for failing the allege specific error of law and fact) (now codified as 38 U.S.C. § 7105(5)). Under these circumstances, Mr. Ortiz may be entitled to an effective date for the award of benefits as early as 1979, the date of his claim to reopen, or the date his entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400 (2009).
Accordingly, I believe that the decision of the Board regarding an effective date should be set aside and the matter remanded for adjudication of the proper effective date.

. Inasmuch as the RO lacks the authority to determine whether a Substantive Appeal has been filed, see 38 U.S.C. § 4005(d)(5) (1980) ("The Board of Veterans’ Appeals ... may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed.") (now codified as 38 U.S.C. § 7105(5)), and the Board did not review it until 2005, the 2005 statute and regulations could be the governing authority. The result is the same, however, since the applicable 2005 statutory provision and regulation governing the Substantive Appeal continue to use "should” with regard to the contents of the Substantive Appeal.

. The majority's description of possible issues on appeal is a red herring. Ante at 360. Surely, Mr. Ortiz could have delineated such issues, but simply appealing the RO's determination that he had not submitted new and material evidence is sufficient issue identification for administrative appeal.