Citation Nr: 1532773 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-26 098 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an extraschedular rating for the service connected left ear hearing disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Anderson, Associate Counsel 






INTRODUCTION

The Veteran had active military duty from June 2007 to March 2011. 

This matter comes the Board of Veterans' Appeals from a January 2012 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Jurisdiction of the claims file is with the Waco RO.

This matter was previously before the Board in November 2014, and at that time the Board denied the Veteran's claim for an initial compensable rating for her left ear hearing loss. The Veteran appealed this decision to the Court of Veteran's Appeals (Court). In June 2015, the Court granted a Joint Motion for partial remand and vacated the portion of the November 2014 decision that denied entitlement to an extra-schedular referral and remanded that matter for further development. This matter is once again before the Board and the issue of entitlement to an extra-schedular evaluation for the service connected left ear hearing disability will be evaluated. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is service connected for a left ear hearing disability. The Veteran contends that her hearing disability should be considered for an extra-schedular evaluation even though she does not meet the criteria for a compensable rating for hearing loss under 38 C.F.R. § 4.86, Diagnostic Code 6100. 

An extraschedular disability rating is warranted based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321(b)(1) (2014); see Fanning v. Brown, 4 Vet. App. 225, 229 (1993).
Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the Board must determine whether the claimant's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the VA Under Secretary for Benefits or the Director of the Compensation Service to determine whether the veteran's disability picture requires the assignment of an extraschedular rating.

The Veteran claims that her symptoms of dizziness, headaches and nausea were not adequately considered in the previous Board decision, and that these symptoms create such an exceptional disability picture that the available schedular evaluation, to include a non-compensable rating for her left ear hearing loss, is inadequate. See November 2012 Service Treatment Note. 

The symptoms of dizziness, headaches and nausea are not expressly considered by the pertinent diagnostic code. Further the record reflects that the Veteran was placed on profile for the hearing loss in service suggesting some interference with employment. The Board finds that the Veteran's disability picture could be considered as exceptional and unusual as to render the impractical the application of the regular schedular criteria. The extraschedular evaluation pursuant to 38 C.F.R. § 3.321(b)(1) are met. Thun v. Peake, 22 Vet. App. 11 (2008); Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218 (1995). This issue must be referred to the appropriate officials for consideration of an extraschedular rating. 38 C.F.R. § 3.321(b)(1). 

The Board emphasizes that it presently expresses no opinion as to the merits of assignment of an extraschedular evaluation, as the initial decision is vested solely with the officials assigned under 38 C.F.R. § 3.321(b)(1). 

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran notice under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), that includes an explanation as to the information or evidence needed to substantiate a claim for an extraschedular rating under 38 C.F.R. § 3.321(b) for her service-connected left ear hearing disability. 

2. After sending the notice listed above and allowing an appropriate time for response, and completing any other development deemed necessary, refer the Veteran's claim for an extraschedular evaluation for the service-connected hearing disability to the Director of Compensation and Pension Service pursuant to the provisions of 38 C.F.R. § 3.321(b) for consideration of whether assignment of an extraschedular rating is warranted. See Thun v. Peake, 22 Vet. App. 111 (2008).

3. When the development requested has been completed, the case should again be reviewed by the RO on the basis of the additional evidence and readjudicated. If the determination of this claim remains unfavorable to the appellant, issue a Supplemental Statement of the Case and provide the appellant and his representative an appropriate period of time to respond before this case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).