# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-80

Edward Hackett, Jr.,                                        Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs,                             Appellee.

Before GREENE, KASOLD, and HAGEL, *Judges*.

## O R D E R

In a January 8, 2003, single-judge order, the Court vacated a January 7, 2002, Board of Veterans' Appeals (Board) decision that declined to reopen Mr. Edward Hackett's previously disallowed claim for service connection for retinitis pigmentosa and remanded the matter because VA had failed in its duty to notify under 38 U.S.C. § 5103(a). The Court, on March 6, 2003, entered judgment, and the Secretary appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit). The Federal Circuit, on May 6, 2004, granted the Secretary's motion to vacate this Court's January 2003 order and remanded the matter to the Court for reconsideration in light of the Federal Circuit's decision in *Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004).

On July 12, 2004, Mr. Hackett, through counsel, filed a motion for leave to file a supplemental brief. On that same date, the Court received Mr. Hackett's supplemental brief. On July 16, 2004, the Secretary filed a motion opposing Mr. Hackett's motion to file a supplemental brief and also moved for a stay of the proceedings pending this Court's disposition of *Conway v. Principi*, U.S. Vet. App. No. 01-0107 (Notice of Appeal filed Jan. 16, 2001); *Nelson v. Principi*, U.S. Vet. App. No. 02-2140 (Notice of Appeal filed Nov. 21, 2002); and *McCutcheon v. Principi*, U.S. Vet. App. No. 01-1027 (Notice of Appeal filed June 14, 2001). The Court will deny the Secretary's motion for a stay, grant Mr. Hackett's motion for leave, and accept for filing **Mr. Hackett**'s supplemental brief. Furthermore, the Court will order the Secretary to file with the Court a response addressing the issues raised in **Mr. Hackett**'s supplemental brief and will afford **Mr. Hackett** the opportunity to reply to the Secretary's response. The Secretary will further be ordered to supplement the record on appeal. In particular, the Court requires inclusion in the record of the "VCAA letter" **Mr. Hackett** refers to in his November 2001 letter to the Board. *See* R. at 255.

Additionally, because the Court believes that oral argument will materially assist in the disposition of this appeal, the Clerk of the Court will set the matter for oral argument after the responses of the parties have been received and as soon as the business of the Court permits. *Cf. Winslow v. Brown*, 8 Vet. App. 469, 471 (1996) (denying motion for oral argument where Court does not believe it will materially assist the disposition of the appeal). Under 38 U.S.C. § 7261(b)(2) and

*Conway, supra,* the Court is required to take due account of the rule of prejudicial error in all cases addressing the notice requirements in 38 U.S.C. § 5103(a). At oral argument, the parties should be prepared to address, among other things, which party has the burden of establishing that there has been prejudicial error committed in the proceedings before VA.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for stay of proceedings is denied. It is further

ORDERED that Mr. Hackett's motion for leave to file a supplemental brief is granted and the brief received on July 12, 2004, will be filed as of the date of this order. It is further

ORDERED that, not later than 14 days after the date of this order, the Secretary file, and serve on **Mr. Hackett**, a response to the issues raised in **Mr. Hackett**'s supplemental brief. It is further

ORDERED that, not later than 14 days after the filing of the Secretary's response, **Mr. Hackett** may file, and serve on the Secretary, a reply. It is further

ORDERED that, not later than 28 days after the date of this order, any interested individual or entity may file and serve on the other parties a brief, as amicus curiae, on the issues stated above. It is further

ORDERED that, the Clerk of the Court set the matter for oral argument as soon as the business of the Court permits.


DATED: November 3, 2004                                     PER CURIAM.