# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2425

Keith A. Roberts,                                                    Appellant,

v.

James B. Peake, M.D.,
Secretary of Veterans Affairs,                                       Appellee.

Before GREENE, *Chief Judge*, and HAGEL and SCHOELEN, *Judges*.

## O R D E R

Veteran Keith A. Roberts appeals, through counsel, an August 26, 2005, decision of the Board of Veterans' Appeals (Board) that determined that a May 1998 VA regional office decision that had awarded service connection for post-traumatic stress disorder (PTSD) with dysthymia and depression was based upon fraudulent evidence and was therefore the product of clear and unmistakable error. As a result, the Board concluded that severance of service connection was proper and denied entitlement to service connection on a secondary basis for several other conditions.

Mr. Roberts argues for reversal of the Board's determination that he committed fraud. Alternatively, he argues that the Board erred by failing to provide an adequate statement of reasons or bases for its conclusion that his claimed stressors were fabricated, and by relying on an inadequate medical examination. Mr. Roberts also contends that the Secretary breached his 38 U.S.C. § 5103A duty to assist by failing to obtain shore patrol reports or otherwise attempt to corroborate Mr. Roberts' claimed PTSD stressors. Lastly, he urges the Court to vacate the remainder of the Board decision because the matters are inextricably intertwined with the severance of service connection issue.

Mr. Roberts' original attorney, Christine M. Cote, withdrew as his counsel. Subsequently, attorney Robert P. Walsh filed an appearance as counsel for Mr. Roberts. Mr. Roberts, through new counsel and with the Court's permission, filed a supplemental brief in which he addresses, inter alia, the fundamental questions of due process and the manner in which the Secretary must proceed in benefits claims disputes where an allegation of fraud is made against a beneficiary. The Secretary filed a supplemental brief in response, and on January 31, 2008, the case was submitted to the current panel of judges. On February 12, 2008, Mr. Roberts filed an opposed motion for oral argument.

To develop this matter fully, the Court requires supplemental memoranda of law from the parties addressing the following:

1. Whether in making the determination that severance of service connection is warranted, VA must consider all alternative bases for establishing service connection for the claimed disability that are raised either by the claimant or by the record before the agency? As part of this inquiry, the parties should discuss what, if any, effect Mr. Roberts' response (*see* R. at 1356) to the rating decision proposing severance of service connection has on any VA responsibility in this regard.

2. If it is determined that VA must consider all alternative bases for establishing service connection, is the Secretary obligated under 38 U.S.C. § 5103A to assist the claimant in developing evidence in support of those bases?

3. Whether the instructions to the VA examiner who conducted the November 2004 examination upon which a VA regional office and the Board relied to conclude that Mr. Roberts did not suffer from PTSD were impermissibly suggestive, or otherwise prevented the examiner from evaluating "all accumulated evidence" as required by 38 C.F.R. § 3.105(d)?

4. What effect, if any, Mr. Roberts' February 2005 decision to cancel a scheduled VA medical examination (*see* R. at 1577-80) has on any of VA's duties related to assisting the claimant or ensuring that VA possesses adequate evidence to make a decision on the claim.

The Court also seeks clarification from Mr. Roberts whether, given the change in counsel and the supplemental brief filed by attorney Walsh, he has abandoned any arguments made in the original brief in this case. The parties' memoranda of law should be no longer than 15 pages in length.

Furthermore, because the Court believes that oral argument will materially assist in the disposition of this appeal, the Clerk of the Court will set the matter for oral argument in Washington. D.C. after the responses of the parties have been received and as soon as the business of the Court permits. *Cf. Winslow v. Brown*, 8 Vet.App. 469, 471 (1996) (denying motion for oral argument where Court does not believe it will materially assist the disposition of the appeal).

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, each party shall file with the Court, and serve on one another, a supplemental memorandum of law addressing the above questions. It is further

ORDERED that the appellant's February 12, 2008, motion for oral argument is granted in part. The Clerk of the Court will set the matter for oral argument in Washington, D.C. as soon as the business of the Court permits.

DATED:      July 8, 2008                          PER CURIAM.

Copies to:

Robert P. Walsh, Esq.

VA General Counsel (027)